IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Defendants H2R Restaurant Holdings, LLC, Rotisserie Two, LLC, Rathbun Special Events, LLC, John Dyess, and Chris Short (the "Rathbun Defendants") have filed a Motion for Relief [Dkt. No. 49], pursuant to Federal Rules of Civil Procedure 54(b) and 60(b)(6), asking the Court to dismiss Plaintiff Samantha Carter's lawsuit pursuant to Defendants' previously filed and denied Motion to Dismiss [Dkt. No. 4].

For the reasons explained below, the undersigned concludes that the Rathbun Defendants' Motion for Relief [Dkt. No. 49] should be denied.

**Background**

This case was filed in the United States District Court for the District of Columbia. *See* Dkt. No. 1. After a series of motions were filed, the presiding judge

entered several electronic orders:

> MINUTE ORDER. The Complaint in this case alleges that Ms. Carter resides in the District of Columbia, that all four defendant corporations conduct business in Dallas, Texas, and that Ms. Carter's injuries occurred in Dallas, Texas as a result of the negligence of the defendants. "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendants have acknowledged that this case could have been brought in the Northern District of Texas, Dallas Division. *See* Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 4 at 7. When Ms. Carter entered her pro se appearance in this case, she informed the Court that all notices should be sent to her at a California address, thus severing the sole connection this case had to the District of Columbia. *See* Amended Notice of Pro Se Appearance, ECF No. 14 at 2. Because this is an action for negligence, Texas substantive law will govern. "[T]he interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Lentz v. Eli Lilly and Co.*, 464 F. Supp. 2d 35, 38 (D.D.C. 2006)(citations omitted). Given that the defendants, and potentially most witnesses, are located in Texas, that the actions and inactions giving rise to this Complaint occurred in Texas, and because Texas substantive law will govern, considerations of convenience and justice militate in favor of transfer. The Court therefore DENIES defendant's motion to dismiss [Dkt. No. 4] and will sua sponte order that this case be transferred to the United States District Court for the Northern District of Texas, Dallas Division. The Court does not need to reach the question of whether this Court has personal jurisdiction over the defendants. Signed by Judge Emmet G. Sullivan on 5/17/2016. (lcegs1) [Transferred from District of Columbia on 6/10/2016.] (Entered: 05/17/2016)

> MINUTE ORDER. In view of the Court's denial of defendant's motion to dismiss [Dkt. No. 4], defendants' supplemental motion to dismiss [Dkt. No. 15] is DENIED. Ms. Carter's motion for sanctions [Dkt. No. 16] is

>DENIED because defendants certified that they served Ms. Carter with notice of defendants' supplemental motion to dismiss [Dkt. No. 15]. The Court construes Ms. Carter's amended complaint [Dkt. No. 18] as a motion to amend her complaint and DENIES this without prejudice for failure to confer with defendants pursuant to LCvR 7(m) or to seek leave of the Court pursuant to Fed.R.Civ.P. 15(a)(1)(B). Ms. Carter's motion to revoke pro hac vice admission of Robert Collins [Dkt. No. 20] is DENIED because Mr. Collin's complied with the requirements for pro hac vice admission to this court pursuant to LCvR 83.2(d). In view of Ms. Carter's termination of her attorney, motion of Malik Z. Shabazz to withdraw as counsel for the plaintiff [Dkt. No. 21] is GRANTED. In view of the Court's denial of Ms. Carter's motion to amend the complaint, Defendant Trinity Event Staffing's motion to dismiss [Dkt. No. 27] is DENIED as moot. In view of the fact that Ms. Carter paid the fee to file the complaint in this case, Ms. Carter's motion for leave to proceed in forma pauperis [Dkt. No. 30] is DENIED. In view of the Court's denial of Ms. Carter's motion to amend the complaint, Ms. Carter's motion for entry of default judgment [Dkt. No. 33] is DENIED. Ms. Carter's motion for permission for electronic case filing [Dkt. No. 34] is DENIED because Ms. Carter did not certify that "she either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts." LCvR 5.3(b)(2). Signed by Judge Emmet G. Sullivan on 5/17/2016.(lcegs1) [Transferred from District of Columbia on 6/10/2016.] (Entered: 05/17/2016)
>
>MINUTE ORDER. The Clerk's Office is hereby directed to TRANSFER this case to the United States District Court for the Northern District of Texas, Dallas Division. Signed by Judge Emmet G. Sullivan on 5/17/2016. (lcegs1) [Transferred from District of Columbia on 6/10/2016.] (Entered: 05/17/2016)

Dkt. No. 49-1. The case was then transferred and opened in this Court.

In their Motion for Relief, the Rathbun "Defendants seek relief from the District of Columbia Court's prior denial of Defendants' Motion to Dismiss for improper venue and lack of jurisdiction. Defendants assert that Plaintiff's initial improper filing of suit in the District of Columbia should have resulted in dismissal of Plaintiff's Complaint rather than transfer of the case." Dkt. No. 49

at 2.

The undersigned concludes that this motion should be denied without the need to wait for a response from Plaintiff.

## Legal Standards and Analysis

As a general matter, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). The Court can also set aside an order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6)'s "catchall" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

In the Motion for Relief, the Rathbun Defendants note that "Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue" and that "[v]enue for Plaintiff's claims against Defendants is determined under 28 U.S.C. 1391(b)." Dkt. No. 49 at 2. According to the Motion for Relief, "[a] review of the Court's Minutes Order indicate the Court denied Defendants' Motion to Dismiss based on Section 1391(b)(3), indicating that Plaintiff could have originally brought suit in this Court," but "the plain language of the statute indicates that venue may be brought in any district in which any defendant is subject to the court's personal jurisdiction provided that there is no district in

which an action could otherwise have been brought," and, "[i]n the present case, there actually was a district (this one) that Plaintiff could have brought her claim." *Id.* at 3 (emphasis removed). The Rathburn Defendants assert that, because, "[a]t the time suit was filed in D.C. improperly, there was an appropriate venue that Plaintiff could have filed in, but chose not to," and "Plaintiff chose not to properly file in this Court originally, it is Defendant's contention that the statute mandates dismissal of Plaintiff's case rather than transfer." *Id.*

The Rathburn Defendants cite no authority in support of this analysis.

As an initial matter, the undersigned notes that the United States Court of Appeals for the Fifth Circuit has explained that, where a case is transferred to a court in this circuit by another federal court, "the decision of a transferor court should not be reviewed again by the transferee court," where "[s]uch an independent review would implicate those concerns which underlie the rule of repose and decisional order we term the law of the case," and where, "'[i]f the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (internal quotation marks omitted). "Failure to abide the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an

adjudication of the underlying merits of the case and respect due sister courts." *Id.*

Here, the Rathburn Defendants do not ask for the case to be re-transferred or even contend that venue was proper in the District of Columbia or that venue is improper in this Court. Rather, they contend that Plaintiff's choice of venue in filing in the District of Columbia was so wrong under Section 1391(b) that the presiding judge in the District of Columbia was either legally required to dismiss under Rule 12(b)(3) or, at the very least, abused his discretion in deciding sua sponte to transfer the case to this Court in the interests of justice.

Even if Fifth Circuit law did not require the Rathburn Defendants to show that the most impelling and unusual circumstances exist to require reconsideration of the denial of dismissal or that the transfer order is manifestly erroneous, the Rathburn Defendants have failed to show any basis for reconsidering the judge's decision to transfer the case to this Court.

A few years ago, the United States Supreme Court laid out the governing law applicable where a court is faced with a motion challenging venue as improper:

> Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought.

> This question – whether venue is "wrong" or "improper" – is generally governed by 28 U.S.C. § 1391 (2006 ed., Supp. V). That provision states that "[e]xcept as otherwise provided by law ... this section shall govern the venue of all civil actions brought in district courts of the United States." § 1391(a)(1) (emphasis added). It further provides that "[a] civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013) (footnotes omitted).

The Supreme Court did not suggest that, if venue is improper based on a particular subsection of Section 1391, or if venue in another district is proper under a particular subsection of Section 1391, a court may only dismiss under Rule 12(b)(3) and Section 1406(a) and may not transfer the case under Section 1406(a).

But 51 years earlier, interpreting the same language of Section 1406(a), the Supreme Court held just the opposite of the premise apparently underlying the Motion for Relief: "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463,

466 (1962).

Against this backdrop of well-settled law, courts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue. *See, e.g.*, *Menlo Inv. Grp., LLC v. Fought*, No. 3:12-cv-4182-K-BF, 2015 WL 512388, at *3 (N.D. Tex. Feb. 5, 2015) ("If venue is improper, the court has broad discretion to dismiss the case or, in the interest of justice, transfer the case to any district where venue is proper."); *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 701 (S.D. Tex. 2013) ("The decision to dismiss or transfer lies within the court's discretion."); *Glazier Group, Inc. v. Mandalay Corp.*, Civ. A. No. H-06-2752, 2007 WL 2021762, at *13 (S.D. Tex. July 11, 2007) ("To transfer a case under section 1406(a), it is enough simply that the court thinks transfer is in the interest of justice." (citation and internal quotation marks omitted)); *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006) ("The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)."); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon a motion or sua sponte. 28 U.S.C. § 1404 and § 1406. The district court has broad discretion in deciding whether to order a transfer.").

Indeed, some courts have stated that they "generally prefer transfer to dismissal." *Wolf Network, LLC v. AML Diagnostics, Inc.*, No. 3:15-cv-3797-B,

2016 WL 1357742, at *3 (N.D. Tex. Apr. 5, 2016); *accord Willis v. Green Tree Servicing, LLC*, No. CV 14-1544 (EGS), 2015 WL 9809939, at *2 (D.D.C. Mar. 5, 2015) ("The decision whether to transfer is committed to the sound discretion of the Court, but the interest of justice generally favors transferring a case to an appropriate forum."); *Burr v. Transohio Sav. Bank*, 77 F.3d 477 (table), 1995 WL 798590, at *2 (5th Cir. Dec. 27, 1995) ("Despite the broad discretion afforded a district court on issues of venue, we find that dismissal of Burr's action for improper venue was an abuse of discretion. Where it is in the interest of justice, Title 28 of the United States Code stipulates that a district court shall transfer a case that has been filed in the wrong district.").

Although the presiding judge in the District of Columbia cited Section 1404(a) and not 1406(a), the undersigned concludes that the Rathbun Defendants have presented no basis to reconsider his decision to transfer this case to this Court in the interests of justice – which he could properly do under Section 1406(a), assuming (as the Rathbun Defendants do) that venue was improper in the District of Columbia but proper in this Court – rather than dismiss the case under Rule 12(b)(3).

**Recommendation**

The Court should deny the Motion for Relief [Dkt. No. 49] filed by Defendants H2R Restaurant Holdings, LLC, Rotisserie Two, LLC, Rathbun Special Events, LLC, John Dyess, and Chris Short.

A copy of these findings, conclusions, and recommendation shall be served

on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 15, 2016

                              _____
                              DAVID L. HORAN
                              UNITED STATES MAGISTRATE JUDGE