IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Defendants H2R Restaurant Holdings, LLC doing business as Rotisserie Two, LLC ("H2R"), Rathbun Special Events, LLC ("Special Events"), John Dyess, and Chris Short have filed a Motion to Dismiss Proceedings pursuant to the abstention doctrine of *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 818 (1976). *See* Dkt. No. 48 (the "*Colorado River* Motion").

On June 17, 2016, the Court terminated Defendant Special Events from this action. H2R, Dyess, and Short are collectively referred to as the "Rathbun Defendants."

Defendant Trinity Event Staffing ("Trinity") also filed a request for termination, *see* Dkt. No. 47, and the Rathbun Defendants and Trinity have moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), *see* Dkt. Nos.

-1-

56 & 58 (collectively, the "12(b)(5) Motions").

Plaintiff has not responded to the *Colorado River* Motion, and her deadline to do so has expired. *See* Dkt. No. 54. But Plaintiff has moved to strike and responded to the 12(b)(5) Motions. *See* Dkt. Nos. 63 & 64 (the "Motions to Strike"). Defendants have replied in support of their respective 12(b)(5) Motions and responded to Plaintiff's Motions to Strike. *See* Dkt. No. 66 & 70.

For the reasons explained below, the undersigned concludes that the Court should deny the Rathbun Defendants' *Colorado River* Motion [Dkt. No. 48], Trinity's Request for Termination [Dkt. No. 47], and Defendants' 12(b)(5) Motions [Dkt. No. 56 & 58] and should deny Plaintiff's Motions to Strike [Dkt. Nos. 63 & 64] as moot.

**Background**

Plaintiff's claims arise from injuries that she allegedly sustained on October 20, 2012.

The State Court Action

On December 21, 2012, Plaintiff brought a negligence action against Rotisserie Two, LLC, Special Events, Kent Rathbun Catering, and Rathbun Blue Plate Kitchen in the 116th Judicial District Court of Dallas County seeking actual and exemplary monetary damages. *See Samantha Carter v. Rotisserie Two, LLC, et al.*, DC-12-14879. Plaintiff's former counsel and legal funding source intervened in the state case. On June 2, 2014, the state court entered an agreed modified order nonsuiting all of Plaintiff's claims against the state court defendants without prejudice.

On October 9, 2014, Plaintiff filed another negligence suit against Special

Events in the 160th Judicial District Court of Dallas County arising from her alleged October 2012 injury. *See Samantha Carter v. Rathbun Special Events, LLC*, DC-14-11918. On October 14, 2014, an intervenor in the state court action moved to consolidate Plaintiff's suit against Special Events in the 160th Judicial District with the matter in the 116th Judicial District. The presiding judge for the 116th Judicial District granted the intervenor's motion.

<u>Federal Court Action</u>

On October 17, 2014, Plaintiff filed this current negligence action seeking $20 million in damages against Defendants in the United States District Court for the District of Columbia. *See* Dkt. No. 1 at 14 (the "Original Complaint"). On December 10, 2014, H2R, John Dyess, and Chris Short moved to dismiss based on improper venue and lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). *See* Dkt. No. 4 (the "First MTD"). On January 11, 2016, the Rathbun Defendants, including Special Events, re-urged the First MTD in a Supplemental Motion to Dismiss. *See* Dkt. No. 15.

On January 27, 2016, Plaintiff moved for leave to amend her Original Complaint. *See* Dkt. No. 18 (the "Motion for Leave to Amend"). On April 6, 2016, Defendant Trinity filed its own motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). Dkt. No. 27 (the "Second MTD"). At that time, none of the Defendants in this action asserted additional Rule 12 defenses.

On May 17, 2016, the United States District Court for the District of Columbia denied Plaintiff's Motion for Leave to Amend; denied the First MTD and Second MTD;

and *sua sponte* transferred the instant case to this Court. On June 17, 2016, the Court terminated Defendants Special Events, Kent Rathbun Catering, and Rathbun Blue Plate Kitchen.

On June 29, 2016, Defendant Trinity requested to be terminated from this federal action alleging that it was only served with Plaintiff's Motion for Leave to Amend and not her Original Complaint. *See* Dkt. No. 47 (the "Request for Termination"). The Court entered an Electronic Order on July 21, 2016 and explained that it would take no action on Trinity's Request for Termination because "[a] motion under Federal Rule of Civil Procedure 12(b)(5) is the proper vehicle to seek dismissal of a party for failure to effect service of process." Dkt. No. 55. The Order also required Trinity to address "the effect, if any, of service of an amended complaint on a party also named in (but not served with) an original complaint," if it sought dismissal for service of process. *Id.*

In July 2016, the Rathbun Defendants and Trinity filed separate 12(b)(5) Motions seeking dismissal for failure of service. Dkt. No. 56 & 58. The Rathburn Defendants also moved to dismiss the instant federal action, in its entirety, pursuant to the *Colorado River* abstention doctrine. *See* Dkt. No. 48 at ¶ 13.

**Legal Standards and Analysis**

12(b)(5) Motions

Defendants are precluded from asserting a Rule 12(b)(5) failure of service defense. Rule 12 provides in relevant part:

[A] party may assert the following defenses by motion: ... lack of personal

-4-

> jurisdiction; improper venue; [and] insufficient service of process … . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

FED. R. CIV. P. 12(b)(2),(3),(5).

> [A] party that makes a motion under [Rule 12(b)(2)-(5)] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

*Id*. 12(g)(2).

> A party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2).

*Id*. 12(h)(1)(A). The advisory committee notes following the text of Rule 12 explain the policy behind the consolidation requirement in Rule 12(g)(2):

> This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case…. A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver [under subdivision (h)(1)(A)] reinforces the policy of subdivision (g) forbidding successive motions.

Advisory Committee Notes for Fed. R. Civ. P. 12, subdivision (g).

The 12(b)(5) Motions are Defendants' second attempts to dismiss this suit pursuant to Rule 12(b). Defendants previously filed the First MTD and Second MTD asserting lack of personal jurisdiction and improper venue defenses pursuant to Rules 12(b)(2) and 12(b)(3). *See* Dkt. Nos. 4 & 27. Defendants currently seek dismissal pursuant to Rule 12(b)(5) on grounds that they were not served with Plaintiff's Original Complaint. *See* Dkt. No. 56 at 2; Dkt. No. 58 at ¶ 4.

This Rule 12(b)(5) defense was available when Defendants re-urged their First MTD and filed their Second MTD. Plaintiff filed her Original Complaint on October 17,

2014 and had until February 16, 2015 to serve Defendants under the version of Federal Rule of Civil Procedure 4(m) that was effective at that time. (The current version of Federal Rule of Civil Procedure 4(m) reduces the time limit for service from 120 days to ninety days and became effective on December 1, 2015.)

The Rathbun Defendants did not raise a failure of service defense in the First MTD, which they re-urged and supplemented with a request for Federal Rule of Civil Procedure 41(b) in January 2016 – almost a year after the defense was available. *See* Dkt. No. 15. Trinity filed the Second MTD in April 2016 – more than a year after the Rule 12(b)(5) defense was available – but only raised defenses under Rules 12(b)(2) and 12(b)(3). Dkt. No. 27. Although Trinity mentioned that it was not served with Plaintiff's Original Complaint, it failed to seek dismissal on that basis and instead refrained "from briefing every possible argument" in the Second MTD. Dkt. No. 27-1.

The meaning of Rule 12(g)(2) is clear. If parties seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), they must include in such motion any other defense then available which Rule 12 permits to be raised by motion. If parties omit such defense, Rule 12(g) precludes them from making a further motion seeking dismissal based on the omitted defense.

Because Defendants did not raise a failure of service defense in the First MTD and Second MTD, they are precluded from asserting this defense in their subsequent 12(b)(5) Motions. *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 908-10 (5th Cir. 1993) (holding that Rule 12(g)(2) precluded defendant from raising an objection in a second pretrial motion to dismiss that it had not expounded upon in a

prior Rule 12 motion).

The Court's July 21, 2016 Electronic Order did not give Defendants leave to raise a Rule 12(b)(5) defense. *See* Dkt. No. 55. The Court simply explained that Trinity's Request for Termination was an improper vehicle to challenge service. *See id*. Further, the 12(b)(5) Motions did not comply with the Electronic Order, which mandated that Defendants address the effect, if any, that service of the Motion for Leave to Amend has on a named party that was not served with the Original Complaint. *See* Dkt. No. 55. The 12(b)(5) Motions failed to address this argument altogether. *See* Dkt. No. 56 & 58.

Finally, even if the Electronic Order could be construed to affirmatively grant Defendants leave to file their 12(b)(5) Motions, the United States Court of Appeals for the Fifth Circuit has held that Rule 12(g) prohibits successive Rule 12(b) motions, and this prohibition is not subject to judicial discretion. *See Albany*, 5 F.3d at 909-910 (holding that a district court erred when it granted a successive Rule 12(b) motion that should have been precluded under Rule 12(g)).

Defendants are not only precluded from asserting a Rule 12(b)(5) defense, they have waived their right to object to defective service. After filing the First MTD and Second MTD, Defendants now move for dismissal alleging that they were not served within the time provided in Federal Rule of Civil Procedure 4(m). *See* Dkt. No. 51 at ¶¶ 1-2; Dkt. No. 58 at ¶ 5. Both Defendants allege that Plaintiff "bears the burden of establishing validity of service of process." Dkt. No. 56 at 3; Dkt. No. 58 at ¶ 6. But, if a party files a defensive pleading that fails to assert the defense of insufficiency of

service, it waives that defense regardless of whether service was actually effectuated. *See City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214, n.15 (5th Cir. 2005) (citing FED R. CIV. P. 12(h)(1)) (holding that plaintiff's failure to properly serve defendant with original pleading was not problematic because defendant filed an answer and, therefore, "submitted to the jurisdiction of the court" and waived its right to object to service of process); *see also Black v. Nixon*, 3-16-cv-255-G-BK, 2016 WL 4014074, at *1 (N.D. Tex. July 5, 2016), *report and recommendation adopted*, 2016 WL 3997602 (N.D. Tex. July 26, 2016) ("Although [p]laintiff ... did not serve the [d]efendants, [defendants] waived any objection regarding defective service of process by moving to dismiss [p]laintiff's complaint without raising that defense.").

In *Golden v. Cox Furniture Mfg. Co., Inc.*, the Fifth Circuit held that a defendant that previously filed motions to transfer and for a protective order waived its right to move for dismissal for insufficient service. 683 F.2d 115, 118-119 (5th Cir. 1982). Like the *Golden* defendant, Defendants filed previous defensive motions that did not include a defense of insufficient service – the First MTD and Second MTD. By filing the First MTD and Second MTD, Defendants submitted to the jurisdiction of this Court and waived their right to object to the sufficiency of service regardless of Plaintiff's proof of such. *See Clarksdale*, 428 F.3d at n.15; *see also Black*, 2016 WL 4014074, at *1. The Court should therefore reject Trinity's assertion that, "[b]ecause there is no Amended Complaint before the Court and because Trinity has not been served with the Original Complaint, Trinity is not a party before the Court." Dkt. No. 47 at 1-2.

Because Defendants did not raise a failure of service defense in the First MTD

and Second MTD, their 12(b)(5) Motions should be denied, Plaintiff's Motions to Strike the 12(b)(5) Motions [Dkt. Nos. 63 & 64] should be denied as moot, and Trinity's Request for Termination [Dkt. No. 47] should be denied.

*Colorado River* Abstention

The Rathbun Defendants' *Colorado River* Motion should also be denied. The *Colorado River* abstention doctrine permits courts to dismiss "a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Colorado River*, 424 U.S. at 818. This doctrine is a narrow exception to a federal court's "virtually unflagging" duty to adjudicate a controversy that is properly before it. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014).

And this doctrine cannot justify dismissal of a suit for damages. Plaintiff seeks $20 million in damages against Defendants. *See* Dkt. No. 1 at 14. In the *Colorado River* Motion, the Rathbun Defendants seek dismissal of this action due to an allegedly parallel matter in state court. *See* Dkt. No. 48 at 8. Although federal courts may apply abstention principles in actions seeking damages, they are not permitted to dismiss those types of actions altogether. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730-31 (1996) (explaining that, while the United States Supreme Court has "not held that abstention principles are completely inapplicable in damages actions," "federal courts have the power to dismiss or remand cases based on abstention principles *only* where the relief being sought is equitable or otherwise discretionary" (emphasis added)); *see also Begum v. Miner*, 213 F.3d 639 (table), 2000 WL 554953, at *2 (5th Cir. Apr. 20, 2000); *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 701 & n.5, 703 & n.12

(5th Cir. 1999); *Parham v. Nationstar Mortg., LLC*, No. CV 14-3376, 2016 WL 4402046, at *5 (W.D. La. Aug. 17, 2016); *Bollinger Shipyards, Inc. v. Chartis Specialty Ins. Co.*, Civ. A. No. 12-1013, 2013 WL 395475, at *5 (E.D. La. Jan. 31, 2013); *Belton v. Bucci*, No. 1:05CV659LG-RHW, 2006 WL 1999185, at *1 (S.D. Miss. July 17, 2006). Because the present action is a suit for damages, dismissal is inappropriate on *Colorado River* abstention grounds.

The *Colorado River* Motion should also be denied because this action is not parallel to a pending state court proceeding. "*Colorado River* abstention is appropriate only when the federal and state suits are parallel, having the same parties and the same issues." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013); *Lucas v. Ocwen Home Loan Servicing*, 3:13-CV-1057-G-BH, 2013 WL 6620856, at *8 (N.D. Tex. Dec. 16, 2013).

The Rathbun Defendants argue that the Court should abstain under the *Colorado River* doctrine because this suit involves the same parties as the related proceeding in the 116th District Court of Dallas County. *See* Dkt. No. 48 at ¶ 18; *see also* DC-12-14879. But the state and federal actions here do not have the same parties. Special Events is the only defendant in Plaintiff's state court action. Special Events is no longer subject to this federal action because it was terminated on June 17, 2016. Likewise, the remaining Defendants in this federal action – H2R, Trinity, Dyess, and Short – are not parties in or subject to the state matter.

Because the state and federal actions do not involve the same parties, they are not parallel, and the *Colorado River* Motion should be denied on this basis as well. *See*

*Bates v. Laminack*, 938 F. Supp. 2d 649, 663-64 (S.D. Tex. 2013) (denying a motion to abstain under the *Colorado River* doctrine because the parties in the federal action were not subject to the state suit, so "the first requirement [pending parallel proceeding] for *Colorado River* abstention [was] absent").

And, even if the state and federal cases were sufficiently parallel, *Colorado River* abstention allows a court to abstain from a case only in "exceptional circumstances." *Am. Family*, 714 F.3d at 89 (citing *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir.2006)). Abstention is inappropriate because exceptional circumstances are not present here. Courts consider six factors to determine whether "exceptional circumstances" exist: (1) assumption by either a state or federal court over a res; (2) the relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent fora; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See id.* (citations omitted).

The decision to apply a *Colorado River* abstention "because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Here, there is no res. The Rathbun Defendants admit that "[t]here is no object or property at issue in this lawsuit." Dkt. No. 48 at ¶ 20(1). The absence of this first

factor weighs against abstention. *See Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 815-16 (5th Cir. 2016).

Second, the Rathbun Defendants concede that the federal and state courts are equally convenient. *See* Dkt. No. 48 at ¶ 20(2). The second factor also weighs against abstention. *See Gonzalez*, 637 F. App'x at 816.

The Court does not need to abstain to avoid piecemeal litigation. The movants argue that the intervening state law claims brought by Plaintiff's former counsel and funding source present a threat of piecemeal litigation. *See* Dkt. No. 48 at 6. But neither the interveners or their claims are before this Court, so there is – at least at present – no possibility of a contradictory ruling. Further, because this case does not involve jurisdiction over property, there is no danger of inconsistent rulings affecting property ownership, which is the real concern at the heart of the third *Colorado River* factor. *See Gonzalez*, 637 F. App'x at 816. The third factor favors the exercise of this Court's jurisdiction.

The fourth factor does not support abstention. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp*, the Supreme Court explained that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." 460 U.S. at 21. The Court there confronted a "state-court suit in which no substantial proceedings ... had taken place at the time of the decision" and a federal action where, "by contrast, the parties had taken most of the steps necessary to a resolution." *Id*. at 22. "In realistic terms, the federal suit was running well ahead of the state suit." *Id*.

Here, Plaintiff re-asserted her state court action against Special Events on October 9, 2014. Almost a week later, she filed this action. The state court action has been inactive since Plaintiff initiated this federal suit. *See* Dkt. No. 48 at ¶ 13 ("The Dallas County case has essentially been put on hold since the Parties were made aware Plaintiff re-filed suit in federal court."). Although Plaintiff revived her state claim shortly before she filed this action, the state case has remained stagnant while this federal action has continued to progress. Consequently, the fourth factor weighs against abstention.

The fifth factor also does not favor abstention. When analyzing this factor, federal courts must "ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Gonzalez*, 637 F. App'x at 816-17 (citing *Moses H. Cone*, 460 U.S. at 25-26). This matter is a simple diversity action involving negligence claims, and the Rathbun Defendants have failed to show that exceptional circumstances exist that would justify abstention. This factor is, at best for the Rathbun Defendants, neutral. *See id.* at 817.

The last factor can never support abstention. It only calls for the Court to assess whether the state court forum is so inadequate that it would be "a serious abuse of discretion" to abstain under *Colorado River*. *See Moses H. Cone*, 460 U.S. at 28. Accordingly, this factor can only be a neutral factor or one that weighs against, not for, abstention. *See Gonzalez*, 637 F. App'x at 817. Although Plaintiff has dismissed most of her state law claims and has demonstrated a clear preference to resolve her claims

in federal court, there is no basis here to find that the 116th Judicial District Court is inadequate. This factor is neutral.

The Rathbun Defendant's *Colorado River* Motion should be denied because abstention is not a basis of dismissal for a action seeking damages, because there is no parallel state action, and because there are no exceptional circumstances that favor abstention.

## Recommendation

The Court should deny Defendants H2R Restaurant Holdings, LLC doing business as Rotisserie Two, LLC, John Dyess, and Chris Short's Motion to Dismiss Proceedings [Dkt. No. 48], Defendants H2R Restaurant Holdings, LLC, doing business as Rotisserie Two, LLC, John Dyess, and Chris Short's FRCP 12(b)(5) Motion to Dismiss [Dkt. No. 58], and Defendant Trinity Event Staffing's Request for Termination [Dkt. No. 47] and Motion to Dismiss Plaintiff's Original Complaint [Dkt. No. 56]. The Court should also deny Plaintiff's Motions to Strike [Dkt. Nos. 63 & 64] as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 2, 2016

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE