IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Plaintiff Samantha Carter, who is proceeding *pro se*, has filed a Voluntary Motion to Dismiss. *See* Dkt. No. 108. Ms. Carter seeks to dismiss this case in its entirety and explains that "Plaintiff Carter pardons the Defendants for their participation in this life-altering deed and lie against her"; "that Plaintiff does not believe in or that Justice will be carried out in the Court of man with earthly laws, with this case"; and that "Plaintiff Carter will not spend an entire decade with this case and is moving on." *Id.* at 1.

Federal Rule of Civil Procedure 41(a) provides:

(a) Voluntary Dismissal.

    (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff

may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

A proper Rule 41(a)(1)(A)(i) "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)). "Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. Accordingly, the district court may not attach any conditions to the dismissal." *Id.* (citations and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit "has determined that Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right

2

to dismiss the action by notice. As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i)." *Amerijet*, 785 F.3d at 973-74 (citations and internal quotation marks omitted).

Here, the defendants have filed answers. *See* Dkt. Nos. 78 & 79. Accordingly, voluntary dismissal is permitted only under Rule 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2). Voluntary dismissal by stipulation or by court order is presumptively without prejudice, unless the stipulation or order states otherwise. *See id.* The United States Court of Appeals for the Fifth Circuit has recently summarized the governing law for Rule 41(a)(2) voluntary dismissals:

> Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that after a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Voluntary dismissals "should be freely granted," but a plaintiff's request will not be allowed if "the non-moving party will suffer some plain legal prejudice." Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side."

> For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include

3

dismissing the suit with prejudice.

*Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (citations omitted). The Fifth Circuit has more recently further discussed possible conditions on a Rule 41(a)(2) voluntary dismissal:

> "By its very language 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.'" "[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Thus, "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case."
>
> "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." Typical examples of permissible conditions include payment of costs and attorney's fees. Other conditions could include "making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bringing in other witnesses."
>
> In contrast, a condition limiting the plaintiff's right to refile to the original forum is "not the type usually found in Rule 41(a)(2) dismissals." Instead of concerns about cost or reproducing discovery, the "only alleged prejudice in this case, upon refiling," absent the forum limitation imposed by the district court, is that "plaintiffs may gain a tactical advantage." Yet, "[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." Indeed, the "fact that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice to justify denying a motion for voluntary dismissal."
>
> If the possibility of tactical advantage does not justify the denial of a voluntary dismissal, likewise the possibility of tactical advantage should not justify the imposition of a refiling condition. In sum, the potential for forum-shopping does not count as legal prejudice.

*Bechuck*, 814 F.3d at 298-99 (citations and footnotes omitted).

The Court ordered Defendants H2R Restaurant Holdings, LLC, John Dyess, and

4

Chris Short and Defendant Trinity Event Staffing to, by November 4, 2016, file responses to Plaintiff Samantha Carter's Voluntary Motion to Dismiss [Dkt. No. 108] or, alternatively, stipulations of dismissal in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

On November 2, 2016, Defendant RAD Staffing, LLC d/b/a Trinity Event Staffing filed its response "advising the Court it has no opposition to Ms. Carter's Voluntary Motion to Dismiss [Doc. 108]" and asking the Court to accept Plaintiff's Voluntary Motion for Dismissal and "enter a Dismissal as to all claims of the Plaintiff against" Defendants H2R Restaurant Holdings, LLC, John Dyess, Chris Short and RAD Staffing, LLC d/b/a Trinity Event Staffing. Dkt. No. 110 at 1-2.

The same day, Defendants H2R Restaurant Holdings, LLC, John Dyess, and Chris Short filed a response to "advise the Court that they are unopposed to Plaintiff's Voluntary Motion to Dismiss" and to ask the Court to "accept Plaintiff's Voluntary Motion to Dismiss" and "enter an Order of Dismissal with prejudice as to all claims of the Plaintiff against" Defendants H2R Restaurant Holdings, LLC, John Dyess, Chris Short and RAD Staffing, LLC d/b/a Trinity Event Staffing. Dkt. No. 111 at 1-2.

As noted above, a Rule 41(a)(2) order generally should result in dismissal without prejudice. Defendants have not attempted to show – and the undersigned does not find – any plain legal prejudice resulting from an unconditional dismissal that would justify dismissing Plaintiff's claims with prejudice under Rule 41(a)(2). *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 319 (5th Cir. 2002) (explaining that, "because dismissal without prejudice would have caused Tripath plain legal prejudice,

the district court had only two options: it could deny the motion or it could craft reasonable conditions that would eliminate the prejudice" and that "[t]he district court attempted to take the latter path; in fact it imposed the harshest condition available to it – dismissal with prejudice"). The undersigned therefore concludes that the Court's should enter an order of voluntary dismissal without prejudice.

## Recommendation

The Court should grant Plaintiff Samantha Carter's Voluntary Motion to Dismiss [Dkt. No. 108] and enter an order under Federal Rule of Civil Procedure 41(a)(2) dismissing without prejudice Plaintiff Samantha Carter's claims against Defendants H2R Restaurant Holdings, LLC, John Dyess, Chris Short, and RAD Staffing, LLC d/b/a Trinity Event Staffing.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE