IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Background and Procedural History**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

Plaintiff Samantha Carter ("Plaintiff" or "Ms. Carter"), who is proceeding *pro se*, filed a Voluntary Motion to Dismiss on November 1, 2016. *See* Dkt. No. 108. At no point did Ms. Carter indicate that she had filed that motion with the approval of Defendants Trinity Event Staffing ("Trinity"), John Dyess ("Mr. Dyess"), H2R Restaurant Holdings LLC ("H2R"), and Chris Short ("Mr. Short") (collectively, "Defendants") or otherwise indicate that Defendants agreed that the action should be dismissed.

The Court entered an order requiring the Defendants "to, by November 4, 2016, file responses to Plaintiff Samantha Carter's Voluntary Motion to Dismiss [Dkt. No.

108], or, alternatively, stipulations of dismissal in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Dkt. No. 109.

Defendant filed responses shortly thereafter. *See* Dkt. Nos. 110 & 111. In their responses, Defendants contended that they did not oppose Ms. Carter's Voluntary Motion to Dismiss. *See* Dkt. Nos. 110 at 1; Dkt. No. 111 at 1. H2R, Mr. Dyess, and Mr. Short (collectively, the "H2R Defendants") also asked the Court to "enter an Order of Dismissal with prejudice as to all claims of ... Plaintiff against Defendants." Dkt. No. 111 at 2. Trinity did not make this request. *See* Dkt. No. 110 at 2.

Shortly thereafter, the undersigned entered his Findings, Conclusions, and Recommendation ("FCR"), advising the Court to grant Ms. Carter's Voluntary Motion to Dismiss and to dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *See* Dkt. No. 112. Judge Godbey has not entered an order on the FCR or Ms. Carter's Voluntary Motion to Dismiss [Dkt. No. 108].

Ms. Carter has now filed a motion in which she asks the Court to withdraw her Voluntary Motion to Dismiss. *See* Dkt. No. 113 (the "Motion to Withdraw," described by Ms. Carter as a "Motion for Reconsideration" or "Motion to Reinstate Case on Docket" and by Defendants as a "Motion to Reinstate").

Defendants have filed their responses, *see* Dkt. Nos. 115 & 117, and Ms. Carter has filed replies, *see* Dkt. Nos. 116 & 118.

The undersigned concludes that the Court should grant Plaintiff's Motion to Withdraw [Dkt. No. 113] for the reasons explained below, thereby making the

undersigned's FCR on Ms. Carter's Voluntary Motion to Dismiss [Dkt. No. 112] moot.

## Legal Standards

A plaintiff must exercise her "option to withdraw" a voluntary motion to dismiss in "a timely fashion." *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). "If the plaintiff moves to withdraw the motion before the court has ruled on the dismissal, [her] motion is [ordinarily] considered timely." *Vincent v. City of Sulphur*, No. 2:13-cv-189, 2016 WL 5340282, at *2 (W.D. La. Sept. 21, 2016) (citing *Cranford v. Morgan S. Inc.*, 333 F. App'x 852, 856 (5th Cir. 2009)). "While '[t]he decision to dismiss an action rests within the sound discretion of the trial court,' failing to grant a timely motion to withdraw which results in the dismissal of the case would likely be an abuse of discretion." *Id.* (quoting *Cranford*, 333 F. App'x at 854, 856) (citing *Schwarz v. Folloder*, 757 F.2d 125, 129 (5th Cir. 1985)).

## Analysis

Defendants argue that Ms. Carter should not be allowed to withdraw her Voluntary Motion to Dismiss. The H2R Defendants contend that Plaintiff's Motion to Withdraw fails to meet the conditions of Federal Rule of Civil Procedure 60(b) or, alternatively, that Plaintiff's motion is premature, untimely, or both. Trinity also argues that Ms. Carter's Motion for Voluntary Dismissal [Dkt. No. 108] should be construed as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1). According to Trinity, this would mean that the case was automatically terminated when the notice was filed and that the Court cannot grant Plaintiff's instant motion.

*See Luv N' Care, Ltd. v. Jackel Intern. Ltd.*, No. 13-1565, 2013 WL 5726052, at *2 (W.D. La. Oct. 21, 2013). The H2R Defendants "adopt and incorporate by reference" this argument as well. Dkt. No. 117 at 1.

The undersigned disagrees with each of these contentions for the reasons explained below.

I.  <u>Rule 60(b) is inapplicable because the Court has not ruled on the Voluntary Motion to Dismiss or the FCR as to that motion.</u>

The H2R Defendants argue that Ms. Carter's Motion to Withdraw "fails to meet the conditions" of Federal Rule of Civil Procedure 60(b). Dkt. No. 117 at 2. Rule 60(b) provides the circumstances under which a court "may relieve a party or its legal representatives from a final judgment, order, or proceeding." FED. R. CIV. P. 60(b).

This rule does not apply here. The Court has yet to rule on Ms. Carter's Voluntary Motion to Dismiss [Dkt. No. 108] or the undersigned's FCR as to that motion. No final judgment or order has been entered from which Ms. Carter needs the Court to grant relief. *Cf. Solomon v. Obama*, No. 3:10-cv-530-D, 2010 WL 2008829, at *1 (N.D. Tex. May 18, 2010) ("[A]lthough plaintiff purports to appeal from a final judgment, no final judgment has been entered until now. Only the findings, conclusion, and recommendation of the magistrate judge had been entered before plaintiff filed his notice of appeal.").

II.  <u>The Court should find that Ms. Carter's Motion to Withdraw is neither untimely nor premature.</u>

The H2R Defendants alternatively argue that Ms. Carter's Motion to Withdraw is either untimely because she did not file an objection to the FCR within the time

permitted under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) or premature because the Court has not yet ruled on the corresponding FCR.

The undersigned disagrees with both contentions. These arguments appear to assume that Ms. Carter's Motion to Withdraw is a challenge to the reasoning in the FCR – either out of a mistaken belief that it resolves her Voluntary Motion to Dismiss or because the Court may elect to accept the FCR. It is not.

Ms. Carter has styled her Motion to Withdraw as a "Motion for Reconsideration" or "Motion to Reinstate Case on Docket" and appears to believe that her case has already been dismissed without prejudice through the FCR. But, as explained above, the case has not been dismissed, and no final judgment or order has been entered from which Ms. Carter needs the Court to grant relief.  Ms. Carter's motion should thus be construed as a motion to invoke the option to withdraw her motion to dismiss. *See Crain v. Menchaca*, No. 3:12-cv-4063-L, 2014 WL 2753717, at *2 (N.D. Tex. June 17, 2014) (noting that "the Court is to liberally construe Plaintiff's motion given his *pro se* status," while acknowledging that he "is not excused from complying with court rules of procedural and substantive law").

Understood accordingly, Ms. Carter timely filed the Motion to Withdraw. Ms. Carter has filed her Motion to Withdraw before the Court has ruled on her Voluntary Motion to Dismiss, and a motion to withdraw a voluntary motion to dismiss is timely when filed "before the court has ruled on the dismissal." *Vincent*,  2016 WL 5340282, at *2 (citing *Cranford*, 333 F. App'x at 856).

5

III.   **Plaintiff's Voluntary Motion to Dismiss should not be construed as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1).**

Defendants argue that, contrary to the conclusion reached in the FCR, Plaintiff's Voluntary Motion to Dismiss "is more properly viewed as having been brought pursuant to Rule 41(a)(1)." Dkt. No. 115 at 4 & 117 at 1. A proper Rule 41(a)(1) "notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)). "Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), 'the case [i]s effectively terminated.' The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Id.* (quoting *In re Amerijet Int'l. Inc.*, 785 F.3d at 973).

This argument turns on whether Plaintiff's Voluntary Motion to Dismiss under Rule 41(a)(2) should have been construed as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1). *See Luv N' Care*, 2013 WL 5726052, at *2 (finding that "the Court committed an error of law when it granted Plaintiff's Motion to Withdraw Notice of Voluntary Dismissal" because filing a Notice of Voluntary Dismissal "automatically terminate[s] the case").

The undersigned concludes that Plaintiff's initial attempt to voluntarily dismiss her claims is, indeed, a voluntary motion to dismiss pursuant to Rule 41(a)(2).

Under Rule 41(a)(1), the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

FED. R. CIV. P. 41(a)(1)(A). Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

Here, Defendants have filed answers. *See* Dkt. Nos. 78 & 79. Accordingly, a voluntary dismissal would be permitted only under Rule 41(a)(1) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a).

Defendants contend that the elements allowing for dismissal under Rule 41(a)(1) are satisfied here. They assert that the parties have constructively stipulated to Ms. Carter's voluntary dismissal under Rule 41(a)(1) because Defendants responded that they did not oppose her Voluntary Motion to Dismiss. "The Fifth Circuit has allowed stipulations that do not fit within the rote parameters of Rule 41 to function as a voluntary dismissal under Rule 41, as long as they are unequivocal and in the record." *Hardy v. City of Tupelo, Miss.*, Civ. A. No. 1:08-CV-28-SA-JAD, 2009 WL 1974693, at *1 (E.D. Miss. July 8, 2009) (citing *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998) ("In analogous circumstances, we have held that while we would not insist on a signed, written stipulation for a post-answer voluntary dismissal under Fed. R. Civ. Proc. 41(a)(1) to be without prejudice, although the terms of the rule require that, nevertheless any oral stipulation must, however, be unequivocal and in the record."

(internal quotation marks omitted)); *Ocean Drilling & Exploration Co., Inc. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 218 (5th Cir. 1986) ("Although Rule 41 expressly requires a written stipulation, the courts have not insisted on a writing when it is clear that the parties have in fact entered into the contemplated stipulation. The evidence must, however, be unequivocal and in the record to satisfy the patent purpose of the requirement-to avoid later dispute." (footnoted omitted)); *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 195 (5th Cir. 1980) ("Nor are we deterred from finding a stipulated dismissal by the fact that there is no formal stipulation of dismissal entered in the record by the Oswalts or Scripto. This court approved a district court's finding that an oral dismissal of claims against defendants in the course of a trial was sufficient to constitute a dismissal under Rule 41(a)(1) even though there was no formal dismissal or stipulation filed with the clerk. ... To require the filing of a formal document would be to countenance a mechanistic view of the Federal Rules of Civil Procedure and exalt form over substance." (citations omitted)).

A review of the record makes clear that the parties did not "unequivocally" agree to a Rule 41(a)(1) dismissal.

First, Ms. Carter's pleadings indicate that she only "agreed" to the dismissal to the extent that it was approved by the Court under Rule 41(a)(2). Ms. Carter did not purport to file a "Notice of Dismissal" under Rule 41(a)(1), which would thereby "automatically terminate[] the case" without Court order. *Luv N' Care*, 2013 WL 5726052, at *2. Neither did she did contend that the parties agreed to the dismissal or otherwise indicate that she actually intended to invoke Rule 41(a)(1). She, instead,

8

moved the Court to dismiss her case – a request that is only necessary pursuant to Rule 41(a)(2). *See* FED. R. CIV. P. 41(a).

Defendants nevertheless now insist that Ms. Carter agreed to dismiss the case pursuant to Rule 41(a)(1). In so doing, Defendants essentially ask the Court to disregard how Ms. Carter framed her own motion. But, just as "the plaintiff is 'the master of her complaint,'" *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)), a movant is "the master of [her] motion," *KCOM, Inc. v. Employers Mutual Casualty Co.*, 829 F.3d 1192, 1197 (10th Cir. 2016). The Court should not alter Ms. Carter's Voluntary Motion to Dismiss simply because Defendants now take issue with the fact that she necessarily invoked Rule 41(a)(2) by filing it. The Court is to "construe[] plaintiff's *pro se* motion liberally in her favor," not against her. *Butler v. Shinseki*, Civ. A. No. 10-867, 2011 WL 831374, at *1 (E.D. La. March 3, 2011) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

Further, Defendants' responses to Ms. Carter's Motion for Voluntary Dismissal suggest that they were aware that she only asked the Court for a Rule 41(a)(2) dismissal and agreed to proceed accordingly. It does not suggest that either party intended for the case to be dismissed pursuant to Rule 41(a)(1). The Fifth Circuit has relaxed Rule 41(a)(1)'s written stipulation requirement when the parties' agreement is "unequivocal and in the record," *Conkling*, 138 F.3d at 592, and, in those instances, the Court can presume that the parties would have signed a written stipulation had

they contemplated it. But, here, the parties contemplated whether to file a stipulation at the Court's invitation and declined to do so. The Court made clear that it construed Ms. Carter's Voluntary Motion to Dismiss the way she framed it: as a request for the Court to dismiss the action pursuant to Rule 41(a)(2). It accordingly ordered Defendants to either "file responses to [Ms. Carter's] Voluntary Motion to Dismiss ..., or, alternatively, stipulations of dismissal in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Dkt. No. 109. Only the latter would result in dismissal of the case without court action. Just as Ms. Carter is the master of her motion, Defendants are the masters of their responses. The Court should not find that they constructively stipulated to a Rule 41(a) dismissal when their responses plainly reflect their intent, at the time, to proceed with a dismissal under Rule 41(a)(2). Indeed, had the Court acted on Plaintiff's Voluntary Motion to Dismiss, Defendants might have been judicially estopped from even making this argument. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (explaining that a court should judicially estopp a party from taking a position that is inconsistent with a prior legal position where the court accepted the prior position and the party did not act inadvertently).

Finally, the H2R Defendants have already represented to the Court that they disagreed with Ms. Carter about a material term of the case's dismissal. Courts presume that a dismissal under Rule 41(a)(1) shall be without prejudice "[u]nless the notice or stipulation states otherwise." FED. R. CIV. P. 41(a)(1)(B). Ms. Carter's Motion for Voluntary Dismissal did not ask the Court to dismiss the action with prejudice and so reflects an intent to only dismiss the action without prejudice. But the H2R

Defendants explicitly asked the Court to dismiss the action "with prejudice." Dkt. No. 111 at 2. A defendant does not file a response brief seeking a different outcome than the one that the plaintiff seeks where the parties "unequivocally" agree.

The undersigned thus concludes that the parties did not constructively stipulate to dismissal under Rule 41(a)(1) and that Plaintiff's Voluntary Motion to Dismiss was filed pursuant to Rule 41(a)(2).

## Recommendation

The Court should grant Plaintiff Samantha Carter's Motion to Withdraw [Dkt. No. 113] and order Plaintiff Samantha Carter's Voluntary Motion to Dismiss [Dkt. No. 108] to be terminated as withdrawn, thereby making the undersigned's Findings, Conclusions, and Recommendation on the Voluntary Motion to Dismiss [Dkt. No. 112] moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

11

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 15, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE