IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

On March 24, 2017, Plaintiff Samantha Carter filed a Motion for Leave to File Complaint to Add Additional Parties [Dkt. No. 158].

The Court then entered a briefing schedule with respect to this motion. *See* Dkt. No. 159. Defendants John Dyess, H2R Restaurant Holdings, LLC, and Chris Short (the "H2R Defendants") and Defendant Trinity Event Staffing ("Trinity"; together with the H2R Defendants, the "Defendants") filed their respective responses. *See* Dkt. Nos. 160 & 162. Ms. Carter has not filed a reply to either response, and the deadline to do so has passed. *See* Dkt. No. 159.

Ms. Carter has also filed a Motion for Order Appointing a Mediator [Dkt. No. 201]. She specifically asks the Court to appoint a mediator to help her negotiate a

settlement with Travelers and Travelers Lloyd Insurance Company, which purportedly insure some of the defendants in this action. Neither Plaintiff nor Defendants have requested additional briefing either in support of or in opposition to this motion.

The undersigned now enters the following findings, conclusions, and recommendation on the pending motions referenced above.

**Background**

In the Amended Scheduling Order [Dkt. No. 125], the Court explained that "[a]ny motion for leave to join additional parties must be filed by February 28, 2017." Dkt. No. 125 at 7.

Ms. Carter nevertheless filed a motion for leave to amend her complaint to add additional parties about a month later. She specifically asks to add Travelers, Travelers Lloyd Insurance Company, Briarwood West Investments, LLC, Fireman's Fund, Allianz Global Corporate and Specialty, and Special Insurances Services (the "Proposed Parties"). She contends that adding the Proposed Parties to this action will allow her "to seek full satisfaction from all relevant parties." Dkt. No. 158 at 2. She appears to reason that the Proposed Parties' connection with Defendants – as either their insurer or liability manager and fiduciary investor – obligates the Proposed Parties to directly pay her for Defendants' purported wrongdoing.

The H2R Defendants respond that "Plaintiff's Motion for Leave to File Fourth Amended Complaint should be summarily denied based solely on Plaintiff's failure to comply with the Court's Scheduling Order." Dkt. No. 160 at 1. They add that, "if the Court chooses to ignore its own Scheduling Order and allow Plaintiff to try to amend

2

her petition yet again, such Motion should be denied based on applicable statute of limitations defenses." *Id.*

The H2R Defendants also appear to ask the Court to impose sanctions on Ms. Carter because "[she] is wasting the time of the Court and the Parties [as] to this matter." *Id.* at 2.

Trinity similarly contends that Ms. Carter's motion should be denied but for markedly different reasons. Trinity argues that Ms. Carter cannot directly sue the Proposed Parties for any of Defendants' alleged wrongdoing at this time because it has not "been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." Dkt. No. 162 at 3 (internal quotation marks omitted). Trinity also argues that Ms. Carter's proposed Fourth Amended Complaint "does not provide the requisite facts to join additional parties." *Id.* at 3. Unlike the H2R Defendants, Trinity does not appear to ask for sanctions.

For the reasons explained below, the Court should deny Plaintiff's Motion for Leave to File Fourth Amended Complaint to Add Additional Party, the H2R Defendants' request for sanctions, and Plaintiff's Motion for Order Appointing a Mediator.

**Legal Standards and Analysis**

I. Ms. Carter's failure to timely file the instant motion does not necessarily preclude the Court from granting it.

The H2R Defendants argue that Ms. Carter's motion should be "summarily denied based solely on [her] failure to comply with the Court's Scheduling Order." Dkt.

3

No. 160 at 2. After all, the Court's Amended Scheduling Order provides that "[a]ny motion for leave to join additional parties must be filed by February 28, 2017," Dkt. No. 125 at 7, and Ms. Carter filed the instant motion about a month after this date.

But the H2R Defendants incorrectly assume that the Court is required to deny Ms. Carter's motion simply because it was filed after the date provided in the Amended Scheduling Order. As the undersigned has repeatedly explained to the parties, a failure to timely seek leave to amend only impacts the standards by which the Court is to review her motion. *See Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2017 WL 1653622, at *2 (N.D. Tex. April 3, 2017) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard."); *see also* Dkt. No. 178 at 2 ("No amendments will be allowed after this deadline except on a showing of good cause. *See* FED. R. CIV. P. 16(b)(4)"). It does not require the Court to necessarily deny this motion.

II. Ms. Carter does not have good cause to file a motion for leave to amend after the date provided by the Amended Scheduling Order.

Because the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard before determining whether denial is appropriate under Rule 15. *See S&W Enters.*, 315 F.3d at 536. To meet the good cause standard, Ms. Carter must show that, despite her diligence, she could not

reasonably have met the scheduling order deadline. *See id.* at 535. The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) [the] potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only if the movant satisfies Rule 16(b)(4)'s requirements must the Court then determine whether to grant leave to amend under Federal Rule of Civil Procedure's 15(a)(2)'s more liberal standard." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

Ms. Carter does not satisfy the Rule 16(b)(4) good cause standard here.

As to the first factor, Ms. Carter fails to proffer any acceptable explanation for her failure to timely move for leave to amend her complaint to add the Proposed Parties within the Amended Scheduling Order's deadline. Instead, she contends that she misunderstood that the deadline to add parties applied to her right to add new defendants in this action (as opposed to new plaintiffs). *See* Dkt. No. 158 at 2 ("On January 27, 2017, the court provided an Amended Scheduling Order to allow Joinder of Parties by February 28, 2017. However, the Plaintiff considered that a Joinder to add Parties was only for Plaintiff to and Plaintiffs."). But, as stated in the Amended Scheduling Order, "Plaintiff has undertaken certain responsibilities through her decision to prosecute her case without an attorney." *See* Dkt. No. 125 at 2. This

5

includes the responsibility to be aware of the rules and procedures governing this action. *See id.*; *see also Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) ("Pursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'").

The second factor, the importance of her proposed amendment, also "weighs heavily in favor of Defendants" because amending "would be futile." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013).

The H2R Defendants argue that Plaintiff's claim is barred by the statute of limitations. They reason that "[t]he incident giving rise to Plaintiff's cause of action took place on October 20, 2012" and, "[p]ursuant to Texas Civil Practice and Remedies Code Section 16.003, the statute of limitations for a personal injury action is two years from the date of injury." Dkt. No. 160 at 3.

The undersigned agrees that Ms. Carter's claim against the Proposed Parties is futile at this time, but not for the reasons that the H2R Defendants put forth.

Ms. Carter cannot bring claims against the Proposed Parties because, as Trinity explains, her claim against them is not yet ripe. *See* Dkt. No. 162 at 3-4. Ms. Carter appears to seek to add the Proposed Parties to this action because she believes that they have an obligation to directly compensate her for Defendants' purported wrongdoings. She specifically describes the Proposed Parties as the Defendants' respective "Policy Insurance Holders and [a] Managing Corporate Party," which she is adding to ensure that she is able "to seek full satisfaction from all relevant parties."

6

Dkt. No. 158 at 1-2.

But "Texas is not a direct action state." *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App. – Austin 2002, no pet.) (citing *Penny v. Powell*, 347, S.W.2d 601, 603 (1961); *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190, 1192 (5th Cir. 1972)). Accordingly, "[a] tort claimant has no direct cause of action against the tortfeasor's liability until the insured-tortfeasor is adjudged liable to the tort claimant." *Id.* (citations omitted). And neither Trinity nor the H2R Defendants has been found to be liable in this ongoing action.

Because Ms. Carter does not allege facts suggesting that she has an independent claim against any of the Proposed Parties, it is futile for Ms. Carter to amend her complaint to add these parties at this time.

The third and fourth factors concerning the prejudice to the parties similarly weigh against Ms. Carter. Allowing Ms. Carter an opportunity to amend her complaint to add these parties, when doing so would be futile for the reasons discussed, would cause needless delay and expense. *See Filgueira*, 734 F.3d at 423-43 ("Filgueira's attempt to bring a host of meritless claims by way of amendment would cause the Defendants great expense and extend the litigation needlessly."). "Furthermore, a continuance would not avoid the inevitable prejudice to the Defendants should [Ms. Carter] be allowed to amend." *Id.*

For these reasons, the Court should deny Ms. Carter's motion for leave to amend.

III. <u>The Court should not impose sanctions on Ms. Carter for filing this motion.</u>

The H2R Defendants contend that Ms. Carter's conduct is "sanctionable" because she "failed to comply with the Court's Scheduling Order" by filing this motion after the deadline provided. Dkt. No. 160 at 2. They specifically "dispute[] the notion ... that [Ms. Carter] misunderstood" the Amended Scheduling Order and accuse Ms. Carter of engaging in "a coordinated and deliberate attempt to harass Defendants as a result of this case not ending in settlement." *See id.* They also remind the Court that even pro se litigants are expected to comply with the Court's rules and procedures. *See id.* at 1.

The H2R Defendants correctly note that "'the Court possesses the power to sanction [Ms. Carter] ... for failure to comply with all orders of the Court and applicable rules of procedure," *id.* at 1-2, as it does with respect to any party before it, *see* Dkt. No. 169.

But Ms. Carter's attempt to add parties to this action is not sanctionable merely because she did so after the deadline provided for in the Amended Scheduling Order. Litigants often attempt to amend their complaint to add new parties, allegations, or claims after the deadline imposed by a scheduling order. As the undersigned has repeatedly explained to the parties, Federal Rule of Civil Procedure 16(b) actually contemplates that litigants may attempt to do so and provides a framework by which the Court can grant such requests. *See Carter*, 2017 WL 1653622, at *2; Dkt. No. 178 at 2.

Ms. Carter's motion is without merit for the reasons explained above. But the

8

undersigned does not recommend that the Court sanction a pro se litigant for her unsuccessful attempt to utilize the process that Rule 16 outlines for parties who untimely attempt to amend their complaint.

IV.     The Court should deny Ms. Carter's Motion for Order Appointing a Mediator.

Ms. Carter also asks the Court to appoint a mediator to help her settle this action with Travelers and Travelers Lloyd Insurance Company. She contends that they represent at least some of the defendants in this action and are open to negotiating a settlement that would lead to the dismissal of this action against their insureds. *See* Dkt. No. 201 at 1-2.

But the Court does not have the authority to appoint a mediator so that Ms. Carter can negotiate a settlement with a party not before it. *See Keegan v. Humble Oil & Refining Co.*, 155 F.2d 971, 973 (5th Cir. 1946) (citing *Gregory v. Stetson*, 133 U.S. 579, 586 (1980) ("[N]o court can make a direct adjudication on rights of parties not before it."). And, as explained above, the undersigned has advised that the Court deny Ms. Carter's motion for leave to add the Proposed Parties. The Court should consequently also deny Ms. Carter's Motion for Order Appointing a Mediator [Dkt. No. 201].

Ms. Carter is, of course, still free to attempt to negotiate a settlement with any of the Proposed Parties without the Court's involvement.

**Recommendation**

For the reasons explained above, the Court should deny Plaintiff's Fourth Motion for Leave to Amend [Dkt. No. 158], the H2R Defendants' request for sanctions,

*see* Dkt. No. 160 at 11, and Plaintiff's Motion for Order Appointing a Mediator [Dkt. No. 201].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE