IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial
management under 28 U.S.C. § 636(b) and a standing order of reference from United
States District Judge David C. Godbey. *See* Dkt. No. 102.

Plaintiff Samantha Carter has filed a Motion for Summary Judgment [Dkt. No.
164]. Defendants H2R Restaurant Holdings, LLC ("H2R"), John Dyess, and Chris Short
(collectively, the "H2R Defendants") and Trinity Event Staffing ("Trinity") have filed
their respective responses, *see* Dkt. Nos. 191 & 195, and Ms. Carter has filed her
respective replies, *see* Dkt. Nos. 197 & 198.

Months after Ms. Carter filed her replies, she then filed additional exhibits
without explaining whether or not she did so in an attempt to supplement this motion.
*See* Dkt. Nos. 235 & 236 (including Exhibits N-Q and GG-HH as attachments). The
deadline for Ms. Carter to submit evidence in support of this motion has expired. The
undersigned therefore has not considered these exhibits as part of his determination.

For the reasons explained below, Ms. Carter's Motion for Summary Judgment [Dkt. No. 164] should be denied.

## Background

Ms. Carter has brought a motion for summary judgment as to her negligence claim.

To determine the undisputed facts in this case, the undersigned has considered Defendants' Answers to the Complaint, *see* Dkt. Nos. 78 & 79, and the evidence submitted by the parties to the extent they are proper for consideration on this motion, as shall be discussed further below. These documents establish the following undisputed facts.

Trinity is a staffing company, Dkt. No. 78 at 3 ¶ 12, and was responsible for providing personnel to H2R for a catering event. *Id.*

Trinity hired Ms. Carter to perform temporary catering services at that catering event. *See id.* at 3 ¶ 14. She was not hired as a full time employee. *See* Dkt. No. 196, Ex. A at 1.

At some point that night, Ms. Carter "was instructed by [the H2R] Defendants' personnel to cook macaroni on a Rathbun-supplied butane stove in a covered garage space." Dkt. No. 79 at 2 ¶ 15.

The H2R Defendants "admit that they were under a duty to Plaintiff to instruct her on the proper use of the equipment and to provide a safe product." *Id.* at 3 ¶ 22.

The butane stove exploded, and "[Ms. Carter] was injured as a result of the incident." *See* Dkt. No. 164, Ex. A ("a butane fuel container had exploded"); Dkt. No.

2

79 at 2 ¶ 19 (the H2R Defendants admitting that Ms. Carter was injured as a result of "the incident").

She was not promptly taken for medical care after the incident. *See* Dkt. No. 164, Ex. A (circling "N" when asked "Was Employee taken for Medical Care?").

The Occupational Safety and Health Administration ("OSHA") penalized Trinity some time after, although it is not clear from the proffered evidence why it did so. *See* Dkt. No. 164, Ex. D.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a

3

showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives

credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360,

366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in

favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."). But, here, Ms. Carter's complaint is unverified, and her interrogatory answers are unsworn. *See Mirant Corp. v. F.E.R.C.*, No. 4:03-cv-1174-A, 2014 WL 212997, at *2 n.2 (N.D. Tex. Jan. 26, 2004) (finding that a complaint was not "'verified' in any legal sense [since] [i]t [was] not accompanied or supported by an affidavit or a declaration").

## Analysis

I.    <u>Ms. Carter has not complied with Local Rule 56.3(c), but this error is harmless.</u>

Defendants first contend that Ms. Carter violated Local Rule 56.3(c) as to how she filed this motion. Local Rule 56.3(c) provides that, "[i]f a moving party seeks summary judgment on fewer than all claims or defenses, the motion must be styled as a motion for partial summary judgment."

The undersigned agrees that Ms. Carter technically violated Local Rule 56.3(c). Although Ms. Carter contends in her motion that she "is entitled to summary judgment on each count of her complaint, as set forth in her accompanying brief," Dkt. No. 164

at 1, Ms. Carter's brief makes clear that she only seeks summary judgment as to her negligence claim. She consequently should have titled her motion a "Motion for Partial Summary Judgment."

But the Court should not deny this motion based on a minor technical error that appears to be harmless. Defendants make clear that they understand that Ms. Carter has, in fact, moved for summary judgment only as to her negligence claim. *See* Dkt. No. 192 at 1 (the H2R Defendants correctly noting that "it is clear from the pleadings that the only cause of action for which Plaintiff seeks summary judgment is her negligence claim"); Dkt. No. 196 at 2 (Trinity explaining that, "although [her motion] seeks a summary judgment as to each count contained in her complaint, the motion itself only address[es] her negligence claim"). And, as this Court has explained in this case, "[t]he Court is to 'construe[] plaintiff's *pro se* motion liberally in her favor.'" *Carter v. H2R Restaurant Holdings, LLC*, 2016 WL 8116145, at *4 (N.D. Tex. Dec. 15, 2016) (quoting *Butler v. Shinseki*, No. 10-867, 2011 WL 831374, at *1 (E.D. La. March 3, 2011) (in turn, citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)), *accepted by* 2017 WL 395166 (N.D. Tex. Jan. 27, 2017).

II.    The Court can consider Exhibits A-D.

Ms. Carter has proffered six exhibits to support her summary judgment motion:

- Exhibits A-C appear to be Accident Investigation Reports prepared by Chef Jeff Qualls;

- Exhibit D appears to be a printout from the United States Department of Labor website;

- Exhibit E appears to be an instruction manual on portable butane gas stoves;

and

• Exhibit F appears to be a photo of Ms. Carter before and after the explosion.

*See* Dkt. No. 146, Exs. A-F.

Defendants contend that the Court cannot consider these exhibits because they are not verified, because they are inadmissible, or both. For the reasons explained below, the undersigned disagrees with Defendants as to Exhibits A-D.

A.    Exhibits A-E are authenticated, but Exhibit F is not.

Defendants first argue that the Court cannot consider Ms. Carter's exhibits because they are not authenticated.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a).

A party can choose to satisfy this requirement by submitting "[t]estimony that an item is what it is claimed," either through a supporting declaration or affidavit. FED. R. EVID. 901(b). Ms. Carter has not elected to do so here.

But there are other ways that a proponent can satisfy the authentication requirement. The United States Court of Appeals for the Fifth Circuit has explained that "[a] proponent 'may authenticate a document with circumstantial evidence, 'including the document's own distinctive characteristics and the circumstances, surrounding its discovery.'" *In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008) (quoting *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993)); *see also* FED. R. EVID. 901(b) ("The following are examples only – not a complete list – of evidence that satisfies the

9

[authentication] requirement: ... (4) Distinctive Characteristics and the Like. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.").

Ms. Carter may not have included a sworn statement confirming that Exhibits A-E are what she claims them to be. But she has authenticated them nevertheless.

Exhibits A-C & E contain bates stamps that indicate they are from Defendants' production. *See* Dkt. No. 164, Exs. A-C & E (containing bates numbers with "DEFN RSE" as the prefix). They also appear to be a company's official documents and are likely difficult to forge. In light of their "appearance" and "the fact that [Defendants] are in the best position to know if [the documents] are authentic and that they have never claimed that they are not," the undersigned concludes that Ms. Carter satisfies the authentication requirement as to these documents. *Commercial Data Servers, Inc. v. International Business Machines Corp.*, 262 F. Supp. 2d 50, 60 (S.D.N.Y. 2003) (citing FED. R. EVID. 901(b)(4)).

Exhibit D is also authenticated based on its distinctive characteristics. Exhibit D is a printout from an official government website, which Ms. Carter has asked the Court to take judicial notice of. *See* Dkt. No. 1624 at 2-2. There is nothing about the document's appearance that suggests it is a forgery. It is authenticated on this basis.

The undersigned elects to take judicial notice of the contents of this website in any event. Federal Rule of Evidence 201 allows courts to take judicial notice of a fact that "is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction" or because it "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(a)-(c). And OSHA is a government entity whose accuracy cannot reasonably be questioned. *See Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 354 n.5 (5th Cir. Aug. 1, 2011) (noting that the Court of Appeals has, "in the past, taken judicial notice of information posted on a government website, *see, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)").

But Ms. Carter has not authenticated Exhibit F. Ms. Carter alleges that Exhibit F constitute images of her before and after the explosion in question. Ms. Carter is in the best position to know whether or not these photos of her are accurate. The undersigned consequently cannot infer that the photos are accurate unless she has provided a sworn statement confirming their accuracy or has provided the Court with some other basis to confirm their authenticity. *See* FED. R. EVID. 901(b) (providing examples of how a party may meet the authenticity requirement).

The Court therefore cannot consider Exhibit F, but can consider Exhibits A-E if they do not constitute inadmissible hearsay.

B.    <u>Exhibits A-D are not inadmissible hearsay.</u>

Defendants next argue that Exhibits A-E constitute inadmissible hearsay evidence that the Court cannot consider on this motion.

But they fail to explain precisely why this evidence constitutes inadmissible hearsay. The undersigned will therefore decline to consider theses exhibits if they are facially inadmissible.

1.    <u>Exhibits A-C can be considered on this motion.</u>

11

Exhibits A-C appear to be Supervisor Accident Investigation Reports completed by Chef Jeff Qualls.

These reports would be admissible as non-hearsay party admissions under Federal Rule of Evidence 801(d)(2). Rule 801(d)(2) provides that a statement is not hearsay if "[t]he statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2).

Rule 801(d)(2)'s provisions are satisfied here. Chef Qualls presumably prepared the "Supervisor's Accident Investigation Reports" in question in his capacity as an on-site supervisor for H2R on the night of the catering event. These Reports also reflect admissions that he adopted – rather than merely a record of observations of third parties. *Cf. Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 281 (5th Cir. 1991) (finding that the accident report was not party admission because "[i]t is obvious from the depositions of Christian and Gardner that they were simply documenting Rock's account of the alleged accidents. Nothing in the accident reports, themselves, indicates that the defendants adopted the version of the fact as reported by Rock."). These Reports repeatedly ask Chef Qualls what his "[i]nvestigation reveal[ed] as the cause of the accident." Dkt. No. 146, Exs. A-C. And he consistently explains that "a butane fuel container ... exploded." *Id.*

The Supervisor Investigation Accident Reports would be appropriate for the Court to consider even if they did not constitute non-hearsay party admissions.

The Fifth Circuit recently explained that, "'[a]lthough the substance or content

12

of the evidence submitted to support or dispute a fact on summary judgment must be admissible ..., the material may be presented in a form that would not, in itself, be admissible at trial.' 11 MOORE'S FEDERAL PRACTICE–CIVIL ¶ 56.91 (2017)." *Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citing *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012)). "'The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial.'" *Bingham v. Jefferson County, Tex.*, No. 1:11-cv-48, 2013 WL 1312563, at *6 n.3 (E.D. Tex. March 1, 2013) (quoting *Jones*, 683 F.3d at 1293-94), *accepted as modified*, 2013 WL 1312014 (E.D. Tex. March 27, 2013). "If, however, the declarant has given sworn testimony during the course of discovery that contradicts the hearsay statement, we may not consider the hearsay statement at the summary judgment phase." *Jones*, 683 F.3d at 1294.

Defendants have not proffered any evidence indicating that Chef Qualls – the declarant as to Exhibits A-C – would contradict the statements that he made in these exhibits. And "the possibility that the declarant might change [his testimony] amounts only to 'a suggestion that admissible evidence might be found in the future,' which 'is not enough to defeat a motion for summary judgment.'" *Id.* (quoting *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996)) (making this observation as to sworn deposition testimony proffered on summary judgment).

In one of his reports, Chef Qualls explains that he became aware of the explosion after a "[s]erver came and told me I was needed in [the] garage immediately." Dkt. No.

13

164, Ex. 6. And, ordinarily, Chef Qualls would not be able to testify as to matters he only knows through someone else. *See* FED. R. EVID. 801 (defining hearsay as a statement that "the declarant does not make while testifying at the current trial or hearing; and ... a party offers in evidence to prove the truth of the matter asserted in the statement"); FED. R. EVID. 802 (explaining that hearsay is generally inadmissible).

But Chef Qualls would be able to speak to his conversation with the server here. Federal Rule of Evidence 803 explains that statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it," and statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused," constitute exceptions to the rule against hearsay. FED. R. EVID. 803. The server's statements appear to satisfy both exceptions since he or she made them so soon after the explosion. *See Harris v. Browning-Ferris Industries Chemical Services, Inc.*, 635 F. Supp. 1202, 1210 (M.D. La. 1986) (finding that "the testimony of Lt. Jimmy Fontenot wherein he repeated a statement made by Tilley immediately after the accident regarding how the accident occurred" was admissible under these exceptions, among others). The documents indicate that Chef Qualls was within walking distance of the explosion and that a server told him that he was needed "immediately." Dkt. No. 164, Ex. C ("I was [at the] inside location, not in [the] garage. [A] [s]erver came and told me I was needed in [the] garage immediately.").

### 2.   Exhibit D can be considered on this motion.

Exhibit D is a printout of an OSHA website, which details citations that it has issued against Trinity. Defendants argue that Exhibit D is inadmissible hearsay.

The undersigned disagrees. Federal Rule of Evidence 803(8) provides that a public record is admissible, even if it is hearsay, if it sets out the office's activities and "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." *See* FED. R. EVID. 803(8) (exempting these and other types of public records from the inadmissible hearsay rule). Exhibit D is a public record that identifies how OSHA processed two penalties it issued on Trinity. And Defendants have not made any showing as to why the OSHA website is unreliable. Nor is it likely that they could. *See Jaso*, 435 F. App'x at 354 n.5 (citing *Kitty Hawk Aircargo*, 418 F. 3d at 457) (noting that the Fifth Circuit has previously taken judicial notice of information posted on a government website – a determination that required that the Fifth Circuit to also find that the government website was a source whose accuracy could not reasonably be questioned).

For this reason, the Court can properly consider Exhibit D on this motion.

3.    Whether Exhibit E can be considered or not is moot.

Finally, Exhibit E is an instruction manual from the Iwatani Corporation that explains how to use a butane gas stove.

The manual would likely constitute inadmissible hearsay – at least if offered for the truth of the matter asserted. *See Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.,*, 491 F.2d 1239, 1242-43 (5th Cir. 1974) (excluding instruction manual offered for the truth of the matter asserted, "not to show simply that it existed or under any exception to the [hearsay] rule").

But it is not clear from Ms. Carter's brief whether she proffered this evidence for

15

the truth of the matter asserted or not. Ms. Carter does not reference or otherwise explain the significance of this exhibit. Nor is the undersigned able to infer why she has proffered this evidence. The undersigned therefore did not consider this exhibit on this motion.

For this reason, the undersigned declines to determine whether the exhibit constitutes inadmissible hearsay at this time and, instead, finds that making such a determination would be moot.

III.    The Court should deny Ms. Carter summary judgment as to her negligence <u>claims.</u>

A negligence claim under Texas law requires three elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

The parties dispute whether Defendants owed Ms. Carter a duty of care on the night of the catering event. Ms. Carter notes that she was hired to work at the event and that the OSHA, in fact, places obligations on employers to ensure a safe work environment. *See* Dkt. No. 164 at 5. Defendants contend, however, that they do not owe her a duty of care give her status as an independent contractor. *See* Dkt. No. 196 at 3-6.

But the undersigned need not resolve this dispute now. Ms. Carter's request for summary judgment on her negligence claim fails – even presuming Defendants owed her a duty of care.

16

Ms. Carter's negligence claim appears to be based on one of three theories. She appears to argue that (1) the H2R Defendants negligently tampered with the butane stove, causing it to explode; (2) Defendants failed to inspect the butane stove or otherwise ensure a safe work environment; and (3) Defendants acted negligently by failing to promptly arrange for her to see a doctor after she was injured when the butane stove exploded.

She has failed to establish that she is entitled to summary judgment on her negligence claim under any of these theories.

A.    Ms. Carter has not established that Defendants negligently tampered with the butane stove.

Ms. Carter appears to allege that Defendants tinkered with the butane stove and, thereby, caused it to explode. *See* Dkt. No. 164 at 3. But Ms. Carter has failed to submit any exhibits or proffer any other evidence supporting this allegation.

The only source that she does cite for this allegation is her own complaint. The Fifth Circuit has recognized that a *pro se* litigant's complaint can constitute summary judgment evidence if it is verified.  *See King*, 31 F.3d at 346; *accord Hart*, 343 F.3d at 765 ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.") And a complaint is verified if it is "accompanied or supported by an affidavit or a declaration." *See Mirant Corp.*, 2014 WL 212997 at *2 n.2. But Ms. Carter has not verified her complaint here. And the undersigned cannot consider her unsworn allegations as summary judgment evidence.

17

Ms. Carter is therefore not entitled to summary judgment on this basis.

      B.    Ms. Carter has not established that Defendants failed to inspect the butane stove and the other cooking tools she used.

Ms. Carter alleges that Defendants "fail[ed] to properly inspect [the] stove, us[ed] a portable camping stove inside [the] building, us[ed] a damaged butane cane, us[ed] an oversized pot on the portable stove, [and] ignor[ed] all safety features" on the night of the incident. Dkt. No. 164 at 4.

But Ms. Carter's proffered evidence is not sufficient to support these allegations. The only evidence that Ms. Carter proffers to support this theory is a printout indicating that the OSHA issued Trinity a $1,000.00 penalty on April 19, 2013 and that there was an informal settlement of another $1,000.00 penalty on May 13, 2013. But the OSHA website that Ms. Carter references does not identify why Trinity received these penalties and does not at all discuss the H2R Defendants. *See* Dkt. No. 164, Ex. D.

Without evidence to confirm her allegations, the undersigned cannot find that the penalties Trinity incurred, in fact, relate to the explosion on the night in question or relate at all to the H2R Defendants' conduct.

      C.    Ms. Carter has established that Defendants did not promptly call 911 but has not established she was injured due to that failure.

Ms. Carter has successfully proffered summary judgment evidence supporting her final theory of breach – that Defendants failed to promptly call 911 or otherwise promptly arrange for her medical care.

She has specifically proffered a "Supervisor's Accident Investigation Report" (the

"Report") that was completed by Chef Jeff Qualls. In the Report, Chef Qualls circles "N" when asked if the "[e]mployee" was "taken for Medical Care" after "a butane fuel container … exploded." *See* Dkt. No. 164, Ex. A.

But, to succeed on a negligence claim under Texas law, Ms. Carter is required to establish that the party who owed her a duty of care breached that duty and that she suffered damages proximately caused by that specific breach. *See Nabors Drilling*, 288 S.W.3d at 404.

Even assuming that Defendants had a duty to promptly seek medical assistance on Ms. Carter's behalf and that they breached this duty, Ms. Carter has failed to provide evidence that she was injured as a result of Defendants' failure to promptly arrange for medical care.

"Proximate cause requires both cause in fact and foreseeability." *D. Houston, Inc. v. Love*, 92 S.W.3d, 450, 454 (Tex. 2002) (citing *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 755 (Tex. 1975)).

Ms. Carter is likely able to satisfy the foreseeability requirement. "'Foreseeability exists when 'the actor as a person of ordinary intelligence should have anticipated the dangers his negligent act creates for others.'" *Id.* (quoting *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex. 1987)). And a person of ordinary intelligence would likely know that failing to promptly call 911 could cause an injured person further injury. *See Galveston, H. & S.A. Ry. Co. v. Landeros*, 264 S.W. 524, 528 (Tex. Civ. App. – Galveston 1924) ("Of course, it may be inferred, from common knowledge

19

about and proper appraisement of the value of skilled medical attention, that, had it been promptly administered in this instance, there would have been relatively less suffering ... and more likelihood of a cure.").

But Ms. Carter has not proffered evidence establishing that a failure to call 911 or to otherwise promptly arrange for medical care actually caused Ms. Carter's injury.

Ms. Carter alleges that she cried in pain while waiting for medical care. *See* Dkt. No. 198 at 2. But she has not proffered any evidence supporting this allegation. Again, a *pro se* litigant's complaint can constitute summary judgment evidence if it is verified. *See King*, 31 F.3d at 346; *accord Hart*, 343 F.3d at 765 ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."). But Ms. Carter has not verified her allegations by a signed declaration or affidavit here. *See Mirant Corp.*, 2014 WL 212997 at *2 n.2.

Rather, the undisputed facts only indicate that Ms. Carter was injured as a result of the butane explosion. Dkt. No. 79 at 2 ¶ 19.

This fact, in itself, does not allow the undersigned to conclude that her injuries were made any worse or that she otherwise suffered physical or emotional harm because of the H2R Defendants' failure to promptly call 911. *See Galveston*, 264 S.W. at 528 ("There is neither any testimony ... as to the extent of the initial injury, that is, whether the hurt was at that time hopeless or so slight that it might have yielded to treatment, nor any as to whether the lack of earlier medical ministration brought about what otherwise could and would have been averted.").

IV.    <u>Trinity is not entitled to a take nothing judgment on this motion.</u>

Trinity concludes its response to Ms. Carter's motion by asking the Court for a take nothing judgment, presumably as to the negligence claim in question. *See* Dkt. No. 196 at 6 (requesting a "take nothing judgment" after acknowledging that "the motion itself only address[es] [Ms. Carter's] negligence claim"). It contends that Ms. Carter has not and cannot establish that they owed her a duty of care. *See id.* at 3-6.

In its request, Trinity does not purport to file a motion for summary judgment. And, even if the undersigned were to construe it as such, Trinity's stray request does not comply with the requirements that Local Rule 56.3 lays out and to which Trinity sought to hold Ms. Carter accountable. *See id.* at 1 (arguing that "Plaintiff's motion is legally insufficient," in part, because "Plaintiff's summary judgment motion fails to comply with Local Rule 56.3(c)").

"[T]he undersigned is only asked to advise the Court about how to rule with respect to the instant motion." *See Richmond v. SW Closeouts, Inc.*, No. 3:14-cv-4298-K, 2017 WL 722201, at *3 (N.D. Tex. Jan. 30, 2017) (citing *In re Idearc, Inc.*, No. 09-31828-BJH-11, 2011 WL 203859, at *11 (Bankr. N.D. Tex. Jan. 21, 2011)), *accepted by*, 2017 WL 722029 (N.D. Tex. Feb. 22, 2017).

The Court should therefore deny Trinity's request for a take nothing judgment at this time.

## Recommendation

For the reasons discussed above, the Court should deny Plaintiff Samantha Carter's Motion for Summary Judgment [Dkt. No. 164] and Defendant Trinity Event

Staffing's request for a take-nothing judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 20, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE