IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

Defendants H2R Restaurant Holdings, John Dyess, and Chris Short (the "H2R Defendants") and Rad Staffing, LLC d/b/a Trinity Event Staffing ("Trinity"; collectively, with the H2R Defendants, "Defendants") have each filed Motions to Dismiss, *see* Dkt. Nos. 202 & 204, to which Ms. Carter has filed a response, *see* Dkt. No. 210. Defendants have not filed a reply, and their deadline to do so has passed.

For the reasons and to the extent explained below, the undersigned concludes that Defendants' Motions to Dismiss, *see* Dkt. Nos. 202 & 204, should be granted in part and denied in part.

**Background**

This case generally relates to injuries that Ms. Carter purportedly sustained

while cooking macaroni and cheese on a butane stove at a catering event.

In her Amended Complaint, Ms. Carter alleges that she has properly pleaded a claim for employment discrimination under Title VII of the Civil Rights Act and a negligence claim – the latter of which is not at issue on this motion. She also seeks monetary damages, declaratory relief, and injunctive relief. She specifically seeks

- a declaration confirming that Defendants are negligent and liable and that she suffered over $6,000,000 in damages;

- a declaration concerning the ability for Defendants' insurers to negotiate a settlement with her and to pay her claims; and

- an injunction to stop Defendants and their counsel from calling her "crazy, mentally incompetent, delusional, and paranoid" and other similar types of comments.

Dkt. No. 186-1 at 21-24.

Defendants argue that Ms. Carter's Title VII claim should be dismissed under Federal Rules of Civil Procedure 12(b)(1) or 9(c) for two reasons. They contend that Ms. Carter is an independent contractor and that Title VII only protects employees. And they contend that Ms. Carter has failed to satisfy the conditions precedent to filing a Title VII claim.

Defendants also ask the Court to dismiss Ms. Carter's requests for declaratory relief and injunctive relief under Federal Rule of Civil Procedure 12(b)(6). They appear to argue that Ms. Carter's request for declaratory relief are duplicative of her affirmative causes of action and are not supported by fact or law. They further argue that she has failed to satisfy the requirements for injunctive relief.

For the reasons explained below, the Court should not dismiss Ms. Carter's Title

VII claim but should dismiss Ms. Carter's request for declaratory relief to the extent that it is duplicative of her affirmative causes of action and should also dismiss her request for injunctive relief.

**Legal Standards**

Defendants appear to move to dismiss Ms. Carter's Title VII claim under Federal Rules of Civil Procedure 12(b)(1) and 9(c) and her requests for declaratory judgment and an injunction under Federal Rule of Civil Procedure 12(b)(6). The undersigned discusses the legal standards for motions to dismiss under Rule 12(b)(1) and 12(b)(6) here but will discuss the legal standards for Rule 9(c) as part of the Analysis section further below.

I.      Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d

Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss,

the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

On a factual attack, however, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's

dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

II.    Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

  In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

  While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and

conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must

construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *Katrina Canal Breaches*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008)

(directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion – although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." *Turnage v. McConnell Techns., Inc.*, 671F. App'x 307, 309 (5th Cir. 2016). The Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Id.* (internal quotation marks and citations omitted).

## Analysis

Defendants have moved to dismiss Ms. Carter's requests for declaratory and injunctive relief under Federal Rule of Civil Procedure 12(b)(6). But it is not immediately clear what legal authority Defendants rely on in moving to dismiss Ms. Carter's Title VII claim.

The H2R Defendants repeatedly ask the Court to dismiss this claim "under Federal Rules of Civil Procedure 12(b)(1)(6) (sic) and 9(c)." Dkt. No. 203 at 1-2. Federal Rule of Civil Procedure 12(b)(1)(6) does not exist. The H2R Defendants' reference to a Rule "12(b)(1)(6)" could consequently indicate that they seek to dismiss Ms. Carter's

Title VII claim under Rule 12(b)(1), Rule 12(b)(6), or both.

In contrast, Trinity clearly asks the Court to dismiss Ms. Carter's Title VII claim under Federal Rules of Civil Procedure 12(b)(1) and 9(c). But it is unclear whether Trinity also asks the Court to dismiss Ms. Carter's Title VII claim under Rule 12(b)(6). Trinity purports to ask the Court to dismiss Ms. Carter's Title VII claim under Rule 12(b)(1) and Rule 9(c) in its "Relief Requested" Section, "Argument" Section, and "Conclusion." *See* Dkt. No. 205 at 1-4, 7. But, in a stray sentence in its "Background" Section, Trinity asks the Court to dismiss Ms. Carter's Title VII claim "under FED. R. CIV. P. 12(b)(1) and 12(b)(6)." *See id.* at 2.

The burden is on the moving party to clearly identify the basis of its motion and the relief that it seeks in filing this motion. *See* FED. R. CIV. P. 7(b)(1) (providing that motions before the Court must "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought"). The moving party's duty to do so is especially important where it is filing a motion against pro se litigants who, presumably, are not well-positioned to speculate as to why the movant might have filed a particular motion and to respond accordingly.

The undersigned will therefore construe Defendants' motions to dismiss as seeking relief under particular federal rules only where it is sufficiently clear that they intended to invoke those rules.

The undersigned first concludes that the H2R Defendants seek to dismiss Ms. Carter's Title VII claim under Federal Rules of Civil Procedure 12(b)(1) and 9(c). The H2R Defendants' primary argument as to Ms. Carter's Title VII claim appears to be

that "this court has no jurisdiction to hear such claim," Dkt. No. 203 at 1-2, and Rule 12(b)(1) is the proper rule to invoke when seeking a dismissal based on a lack of subject matter jurisdiction. Further, the H2R Defendants clearly seek to dismiss other claims under Rule 12(b)(6). They presumably would have invoked that rule to dismiss her Title VII claim if they had intended to do so on that basis.

The undersigned also concludes that Trinity only seek to dismiss Ms. Carter's Title VII claim under Rules 12(b)(1) and 9(c). Aside from a stray sentence in the background section, Trinity consistently asks the Court to dismiss Ms. Carter's Title VII claim under these rules. And a single sentence seeking dismissal under Rule 12(b)(6), without any supporting argument as to why dismissal is appropriate on this ground, does not comply with Federal Rule of Civil Procedure 7(b)'s requirement that a moving party "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1).

I.      The Court should not dismiss Ms. Carter's Title VII claim under Rule 12(b)(1).

Defendants first argue that Ms. Carter's Title VII claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for failure to establish subject matter jurisdiction. Defendants proffer two different reasons why Ms. Carter has purportedly failed to establish the Court's jurisdiction over this claim.

The H2R Defendants argue that she "has not satisfied the conditions precedent to filing or asserting a Title [V]II claim." Dkt. No. 203 at 2. And Trinity argues that subject matter jurisdiction does not exist over this claim because Ms. Carter is purportedly an independent contractor and Title VII only protects employees.

11

A.     Receipt of a "right-to-sue" letter is not a jurisdictional prerequisite to a Title VII claim.

The H2R Defendants contends that this Court does not have subject matter jurisdiction over Ms. Carter's Title VII claim because she has not established that she has received a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC"). The undersigned disagrees.

In *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006), the United States Supreme Court determined that the provision limiting Title VII's applicability to employers with over 15 employees (the "Numerosity Requirement") was not a jurisdictional bar to filing a Title VII claim.

In that case, "the [United States] Supreme Court explained its approach to distinguishing jurisdictional prescriptions from other requirements, such as claims-processing rules." *Gulf Restoration Network v. Salazar*, 683 F.3d 158, 172 (5th Cir. 2012) (citing *Arbaugh*, 546 U.S. at 515-16)). It specifically explained that,

> [i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id.* (quoting *Arbaugh*, 546 U.S. at 515-16).

In reaching its conclusion, the Supreme Court observed that "Congress could [have made] the employee-numerosity requirement 'jurisdictional,' just as it ... made an amount-in-controversy threshold an ingredient of subject matter-jurisdiction in delineating diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332," but did not

appear to do so. *Arbaugh*, 546 U.S. at 514-15; *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs....").

The Supreme Court reasoned that 42 U.S.C. § 2000e-5(f), Title VII's "jurisdiction conferring provision," did not "specif[y] any threshold ingredient akin to 28 U.S.C. § 1332's monetary floor. Instead, the 15-employee threshold appears in a separate provision that 'does not speak in jurisdictional terms or in any way to the jurisdiction of the district courts.'" *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

The Supreme Court's reasons for finding Title VII's Numerosity Requirement to be non-jurisdictional apply equally to the requirement that a claimant receive a right-to-sue letter prior to initiating a Title VII claim.

As explained above, the Supreme Court has already concluded that Title VII's "jurisdiction conferring provision" did not "specif[y] any threshold ingredient akin to" the jurisdictional prerequisites found in Section 1332. *Id.* at 515.

And, like Title VII's Numerosity Requirement, the requirement that a claimant receive a right-to-sue letter before bringing suit appears in a "separate provision that 'does not speak in jurisdictional terms or in any way to the jurisdiction of the district courts.'" *Id.* (quoting *Zipes*, 455 U.S. at 394 (1982)). Title VII's jurisdictional provision is codified at 42 U.S.C. § 2000e-5(f)(3). *See id.* at 502 (describing this provision as such); 42 U.S.C. § 2000e-5(f) (providing simply that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall

have jurisdiction of actions brought under this subchapter"). And Title VII's requirement that parties receive a right-to-sue letter is derived from a separate provision, 42 U.S.C. § 2000e-5(f)(1). *See Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1216 (5th Cir. 1982) (identifying this provision as the source of the right-to-sue requirement); *Zipes*, 455 U.S. at 394 n.10 (finding the 42 U.S.C. § 2000e-5(e)(1) requirement that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred" to be in "an entirely separate provision" from "[t]he provision granting district courts jurisdiction under Title VII, 42 U.S.C. § 2000e-5(e) and (f)").

Receipt of a right-to-sue letter is therefore a condition precedent to suit, not a jurisdictional prerequisite. *See Pinkard*, 678 F.2d at 1216 (discussing the difference between a "condition precedent subject to equitable modification" and "a jurisdictional prerequisite"); *Arbaugh*, 546 U.S. at 503 (discussing the distinction between jurisdiction prerequisites and "the essential ingredients of a federal claim for relief").

The H2R Defendants cite Fifth Circuit authority suggesting that, contrary to the Supreme Court's conclusions that are discussed above, courts "'have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies.'" Dkt. No. 203 at 2 (quoting *Nat'l Ass'n. Of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994)); *but see Pinkard*, 678 F.2d at 1218-19; *McKee v. McDonnell Douglas Technical Servs. Co.*, 705 F.2d 776, 777 n.2 (5th Cir. 1983); *Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d

165, 170 (5th Cir. 2014) (each finding that receipt of a right-to-sue letter is not a jurisdictional requirement).

The case that the H2R Defendants rely upon – and other Fifth Circuit cases reaching the same conclusion – have contributed to a split in the Fifth Circuit as to whether some or all pre-suit Title VII requirements are jurisdictional or not. *See Baker v. McHugh*, 672 F. App'x 357, 360 (5th Cir. Dec. 2, 2016) ("We note that Fifth Circuit case law contains some conflicting authority on the question of whether exhaustion of EEOC administrative remedies is jurisdictional in a Title VII case"); *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) ("There is a disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction.").

But the cases supporting the H2R Defendants' position are not binding.

First, these cases are not good law in light of *Arbaugh*. *Nat'l Ass'n. Of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994), the Fifth Circuit case that the H2R Defendants cite was decided before the United States Supreme Court decided *Arbaugh* – as were many of the Fifth Circuit cases reaching the same conclusion. *See, e.g., National Ass'n*, 40 F.3d at 711 ("It is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies.") (citing *Tolbert v. United States*, 915 F.2d 245, 247-48 (5th Cir. 1990)). And *Arbaugh* makes clear that Title VII's "jurisdiction

conferring provision" did not "specif[y] any threshold ingredient akin to" a jurisdictional prerequisite. *Arbaugh*, 546 U.S. at 515.

In fact, *Arbaugh* was appealed to the Supreme Court after the Fifth Circuit, "[b]ound by its prior decisions, ... held that a defendant's 'failure to qualify as an 'employer' under Title VII deprives a district court of subject matter jurisdiction.'" *Id.* at 509 (quoting *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 224 (5th Cir. 2004), *rev'd and remanded*, 546 U.S. 500 (2006)). By reversing and remanding that decision, the United States Supreme Court appears to have overturned the Fifth Circuit line of cases supporting the Fifth Circuit original conclusion. *Arbaugh*, 380 F.3d at 224 (citing *Dumas v. Town of Mt. Vernon*, 612 F.2d 974, 950 (5th Cir. 1980); *Womble v. Bangu*, 864 F.2d 1212, 1213 (5th Cir. 1989), and *Greenlees v. Eidenmuller Enters., Inc.*, 32 F.3d 197, 198 (5th Cir. 1994)), *rev'd and remanded*, 546 U.S. 500 (2006)). This should include *National Ass'n* – even if not explicitly mentioned by either the Supreme Court or the Fifth Circuit in *Arbaugh*. *See EEOC v. Argo Distribution, LLC*, 55 F.3d 462, 468-69 (5th Cir. 2009) ("To the extent that older cases, such as [*Magnolia Electric Power Association*, 635 F.2d 375 (5th Cir. 1981)], hold that failure to conciliate can deprive courts of subject matter jurisdiction, they have been implicitly overturned by *Arbaugh*, 546 U.S. at 500."); *but see Atkins v. Kempthorne*, 353 F. App'x 934, 937 n.3 (5th Cir. Nov. 27, 2009) ("The fact that the *Arbaugh* Court found that Congress did not intend for the employee numerosity requirement in Title VII to be jurisdictional has absolutely no bearing on this Court's prior conclusion in *Tolbert* that Congress

intended for the exhaustion of administrative remedies to be a jurisdictional prerequisite to filing a civil action in federal court.").

As might be expected, Fifth Circuit cases decided since *Arbaugh* generally find that a plaintiff's failure to comply with pre-suit conditions under Title VII does not deprive the Court of subject matter jurisdiction. *See Gorman*, 753 F.3d at 170 ("Under federal law, 'the receipt of a right-to-sue letter is a condition precedent' that can be cured by subsequent receipt of the letter. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982). It is anomalous that receiving a right to sue letter is jurisdictional for the TCHRA but is not jurisdictional under Title VII. Reading *USAA* to eliminate this anomaly is the only way to satisfy *USAA*'s concern that the TCHRA and Title VII should be harmonized. We hold that in light of *USAA*, the failure to receive a Texas right to sue letter is not a jurisdictional defect."); *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) ("The limitations period for filing a discrimination charge with the EEOC is not a jurisdictional prerequisite."); *Argo Distribution*, 55 F.3d at 468-69 (5th Cir. 2009) (following the "interpretive approach" in *Arbaugh*, "we conclude that the EEOC's conciliation requirement is a precondition to suit but not a jurisdictional prerequisite.).

Second, even presuming that the Supreme Court did not overturn these cases, *Nat'l Ass'n. Of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698 (5th Cir. 1994) and other Fifth Circuit cases reaching a similar conclusion would not be binding because they contradict the earliest Fifth Circuit authority on this matter. As

Senior District Judge Nancy F. Atlas explains:

> One appellate panel may not overrule a decision, right or wrong, of a prior panel, absent *en banc* reconsideration or a superseding contrary decision of the Supreme Court. When faced with conflicting panel opinions, the earlier opinion controls. *See, e.g., United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008) ("our rule of orderliness directs that 'one panel of this court cannot overrule the decision of another panel.'") (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006); *Barrientes v. Johnson*, 221 F.3d 741, 780 n.30 (5th Cir. 2000).

*Seghers v. Hilti, Inc.*, No. 4:16-cv-244, 2016 WL 6778539, at *4 n.7 (S.D. Tex. Nov. 16, 2016).

"Here, the earliest decision [on this matter] is *Pinkard*." *Id*. And, in *Pinkard*, the Fifth Circuit found that "receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite." *Pinkard*, 678 F.2d at 1215; *see also Seghers*, 2016 WL 6778539 at *4 & n.7 (finding that "[t]he weight of Fifth Circuit authority is that receipt of a notice of right to sue is a condition precedent, not a jurisdictional prerequisite to suit," in part, because *Pinkard* is the "earliest decision" on this matter).

B. A plaintiff's status as an independent contractor is not a jurisdictional <u>prerequisite to a Title VII claim.</u>

Trinity argues that the Court does not have subject matter jurisdiction over Ms. Carter's Title VII claim because she is an independent contractor rather than an employee. The undersigned disagrees.

Ms. Carter's purported status as an independent contractor might exclude her from the class of persons whom Title VII authorizes to bring a claim. But, like receipt

of a right-to-sue letter, it is not a requirement that would deprive the Court of its subject matter jurisdiction over a Title VII claim.

The question of whether a claimant "falls within the class of plaintiffs whom Congress has authorized to sue under" a particular statute is occasionally referred to as "statutory standing." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S.Ct. 1377, 1387-88 & n.4 (2014).

But, as the United States Supreme Court has explained, the phrase "statutory standing" is "misleading" because statutory standing is not a jurisdictional requirement. *See id.* at 1388 n.4 (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 642-43 (2002) (in turn, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); also citing *Grocery Mfrs. Assn. v. EPA*, 693 F.3d 169, 183-85 (Kavanaugh, J., dissenting), and cases cited therein; Pathak, *Statutory Standing and the Tyranny of Labels*, 62 OKLA. L.REV. 89, 106 (2009)); *accord Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol North America, Inc.*, 544 F. App'x 455, 457 (5th Cir. May 24, 2013). This is because "'the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case.'" *Id.* (quoting *Verizon*, 535 U.S. at 642-43 (in turn, quoting *Steel Co.*, 523 U.S. at 89; also citing *Grocery Mfrs.*, 693 F.3d at 183-85, and cases cited therein; Pathak, 62 OKLA. L.REV. at 106).

As a result, Ms. Carter's purported failure to establish that she is a part of the class of persons whom Title VII protects might prevent her from ultimately succeeding

on her claim on the merits, but any such failure would not prevent the Court's exercising subject matter jurisdiction over that claim and reaching its merits. *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 215 (5th Cir. 2016) (declining to determine whether the plaintiff was an independent contractor or an employee, even though "[t]his issue bears on whether she has standing to bring a Title VII claim" – a determination the Court of Appeals could not have avoided if the plaintiff's standing to bring a Title VII claim independently implicated the Court's subject matter jurisdiction over that claim, *see Steel Co.*, 523 U.S. at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) ("The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception.'"))).

For these reasons, the Court should deny Defendants' motions to dismiss Ms. Carter's Title VII claim under Rule 12(b)(1).

II.    The Court should not dismiss Ms. Carter's Title VII claim under Rule 9(c).

Defendants also move to dismiss Ms. Carter's Title VII claim for failure to comply with Federal Rule of Civil Procedure 9(c).

Rule 9(c) provides that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or have been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c).

Defendants state that "Plaintiff's Amended Complaint asserts all conditions precedent to filing suit have occurred" but bring this motion because they do not believe her. *See* Dkt. No. 203 at 2; Dkt. No. 205 at 4-5. They specifically contend that

Ms. Carter has failed to file a charge with the EEOC prior to initiating this suit, as Rule 9(c) requires.

Defendants have failed to establish that Ms. Carter has not met her burden under Rule 9(c).

Defendants concede that Ms. Carter's "Amended Complaint asserts all conditions precedent to filing suit have occurred." *See* Dkt. No. 203 at 2; Dkt. No. 205 at 4-5. And – while the undersigned is not sure what basis they have for this belief based on his review of Ms. Carter's Amended Complaint – Defendants necessarily fail to show that Ms. Carter cannot satisfy Rule 9(c) as a result. *See Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011) ("Failure to raise an argument before the district court waives that argument."); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate court had issued its findings and recommendations, and by admitting that Petitioner had exhausted his state remedies on all issues raised in his federal petition, Respondent has waived procedural default and exhaustion doctrine objections.").

The Fifth Circuit has explained that "[a] general averment that 'all conditions precedent to the institution of this lawsuit have been fulfilled' is quite adequate for pleading purposes." *EEOC v. Klinger Elec. Corp.*, 636 F.2d 104, 106 (5th Cir. 1981) (quoting FED. R. CIV. P. 9(c); also citing *EEOC v. Standard Forge and Axle Co., Inc.*, 496 F.2d 1392, 1393 (5th Cir. 1974)); *accord Breazell v. Permian Trucking & Hot Shot, LLC*, No. 7:15-cv-199-XR, 2017 WL 57877, at *3 (W.D. Tex. Jan. 5, 2007) (citing

*Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 112 (3d. 2014), for the proposition that "that pleading standards for receipt of a right to sue letter are governed by Rule 9(c)'s standard for conditions precedent and are not altered by *Iqbal* and *Twombly*, which interpreted Rule 8(a)).

The undersigned would reach the same conclusion even if Defendants had not conceded that Ms. Carter's "Amended Complaint asserts all conditions precedent to filing suit have occurred." Dkt. No. 203 at 2; Dkt. No. 205 at 4-5. Ms. Carter alleges that "[i]t is apparent at this stage in the litigation that Plaintiff properly plead[ed] [a] Title VII [claim]." Dkt. No. 186-1 at 14. This is sufficient to satisfy Rule 9(c)'s general pleading requirement.

As one district judge in this circuit has explained, "courts have found that simply alleging a contract is in force or that a party has performed its obligation under a contract is sufficient to satisfy the general[] pleading requirements of Rule 9(c)." *Probado Technologies Corp. v. Smartnet, Inc.*, No. C-09-349, 2010 WL 2232831, at *8 & n.1 (S.D. Tex. June 2, 2010) (noting the absence of Fifth Circuit authority on what it takes to satisfy the general pleading standard for conditions precedent before citing *Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1124 (9th Cir. 1998); *Byczek v. Boetler Cos.*, 264 F. Supp. 2d 720, 723 (N.D. Ill. 2003)). These courts reason that "Rule 9(c) does not expressly require that performance of conditions be plead, it merely sets forth the manner in which such pleadings should be made." *Kiernan*, 150 F.3d at 1124; *accord* O'Connell & Stevenson, Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) (The Rutter Group 2017) ¶ 8:387. Accordingly, "although [the plaintiff in one such case] did not

specifically allege that he [satisfied the specific condition precedent at issue], he did claim that the parasailing accident occurred 'while the policy was in full force and effect.' For the policy to be in 'full force and effect,' [the plaintiff] must have satisfied all of the conditions precedent." *Kiernan*, 150 F.3d at 1124.

The same can be said here. For Ms. Carter to have "properly plead[ed] [a] Title VII [claim]," as she alleges, she necessarily must have fulfilled any conditions precedent to bringing this claim. Further, as a pro se litigant, Ms. Carter has a more compelling case that she has satisfied Rule 9(c)'s general pleading requirements than the plaintiffs in the courts discussed above. "A document filed *pro se* is to be 'liberally construed' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); also citing FED. R. CIV. P. 8(f)).

For these reasons, the Court should deny Defendants' motion to dismiss Ms. Carter's Title VII claim under Rule 9(c).

III.    The Court should dismiss Ms. Carter's request for a declaratory judgment to the extent it is duplicative of her affirmative causes of action.

Ms. Carter purports to file a declaratory judgment under both the state and federal declaratory judgment acts. But, since this action is in federal court, Ms. Carter's declaratory judgment action is construed to arise only under the federal Declaratory Judgment Act. *See Little Giant Mfg. Co. v. Chromalox Indus. Heating Products*, No. 1:96-cv-44, 1996 WL 363026, at *3 (E.D. Tex. June 26, 1996) ("When a

declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought pursuant to the federal Declaratory Judgment Act.").

The federal Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Federal courts consequently have broad discretion to grant or refuse declaratory judgment. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

"Although 'the district court's discretion is broad, it is not unfettered.'" *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)). "In analyzing whether to decide or dismiss the declaratory judgment suit, ... a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 26 (5th Cir. 1989)).

Defendants appear to contend that the Court should not exercise its discretion to decide her request for declaratory judgment because it is duplicative of her other causes of actions. *See Fisher v. Beers*, No. 13-6632, 2014 WL 3497572, at *4 & n.2 (E.D. La. July 14, 2014) (disagreeing with other courts in this circuit, *see, e.g., Scritchfield*

*v. Mut. of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004), to the extent they find that the redundancy of a declaratory judgment action, in light of another cause of action seeking the same relief, means that the action is not justiciable but agreeing that such redundant actions should still be dismissed).

Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court. *See Fisher*, 2014 WL 3497572, at *4 & n.2 (noting that "[n]umerous courts ... have declined to entertain claims for declaratory relief when plaintiffs would get nothing from a declaratory judgment that they would not get from prevailing on their breach of contract claims") (internal quotations omitted; dropping cases); *St. Paul*, 39 F.3d at 590-91 (considering "whether retaining the lawsuit would serve the purposes of judicial economy" among seven nonexclusive factors to consider when deciding whether to decide or dismiss a declaratory action); *see also Centex Homes v. Lexington Ins. Co.*, No. 3:13-cv-719-BN, 2014 WL 1225501, at *14 (N.D. Tex. March 24, 2014) ("Federal Rule of Civil Procedure 12 does permit a court to strike or dismiss a counterclaim on the basis that it is redundant").

A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counter-claims before the Court would resolve all questions that the declaratory judgment action raises. *See id.* at *14 (citing *In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 5308862, at *1 (Bankr. S.D. Tex. Sept. 18, 2013); *Redwood Resort Props., LLC v. Homes Co. Ltd.*, No. 3:06-cv-1022-D, 2007 WL 1266060, at *4-*5 (N.D. Tex. April 30, 2007)); *accord Fisher*, 2014 WL 3497572, at *4. In making this determination, "the Court should consider 'potential qualitative differences

between merely prevailing in [the] lawsuit, and receiving an affirmative declaration of rights to a declaratory judgment.'" *Centex*, 2014 WL 1225501, at *14 (quoting *Blackmer v. Shadow Creek Ranch Development Co. Ltd. P'ship*, No. H-07-681, 2007 WL 7239968, at *1 (S.D. Tex. June 26, 2007)).

The undersigned agrees with Defendants that at least some of Ms. Carter's requests for declaratory judgment are redundant in light of Ms. Carter's other affirmative causes of action. These specifically include her requests for a declaration that "[a]ll defendants were negligent and liable of the causes sought in relief for damages," a declaration as to the amount of compensable damages she suffered, and a declaration that Trinity admits liability because it has purportedly already paid for some of her hospital bills.

For Ms. Carter to succeed on her negligence claim, the Court would already need to determine that Defendants acted negligently and are liable due to that negligence, and it would also need to determine any amount of damages she was entitled to as a result. *See id.* at *15 (suggesting a distinction between cases in which the plaintiff seeks a declaratory judgment in addition to other causes of action because, unlike when a defendant files a declaratory judgment action as a counter-claim, the plaintiff must prove each element to succeed on his or her claim).

But the same cannot be said about the other declarations that Ms. Carter seeks in her declaratory judgment action.

Although it is not entirely clear from her pleadings, Ms. Carter appears to seek declarations concerning the ability for Defendants' insurers to negotiate a settlement

with her and to pay her claims. *See* Dkt. No. 186-1 at 21-23. These are not duplicative of her Title VII or negligence claim.

The H2R Defendants assert, without explanation, that Ms. Carter has failed to offer any basis in law or fact that would support these requests. *See* Dkt. No. 203 at 3 ("[T]o the extent that Plaintiff's claims for declaratory relief reference issues that may not be construed as falling under any of Plaintiff's other causes of action, Plaintiff has failed to offer any basis in law or fact that would support a claim for declaratory relief.").

That may or may not be so. Regardless, since they have not explained precisely why these requests do not have a basis in law or fact, they have failed to satisfy their burden on their motion to dismiss. *See Xpel Technologies Corp. v. American Filter Film Distributors*, No. SA-08-CA-175-XR, 2008 WL 3540345, at *8 (W.D. Tex. Aug. 11, 2008) (denying motion to dismiss where "[b]oth sides make conclusory arguments that fail to apply the law to the facts" since "Defendants have not met the burden required of them as the moving party").

IV. <u>The Court should dismiss Ms. Carter's request for an injunction.</u>

Finally, Defendants move to dismiss Ms. Carter's requests for injunctive relief under Rule 12(b)(6). They argue that Ms. Carter's requests are "wholly unintelligible" and "fails to establish any of the requisite elements necessary for relief." *See* Dkt. No. 203 at 4; Dkt. No. 205 at 6-7.

But, "[t]o survive a motion to dismiss, the Plaintiffs need not providence evidence that meets all the elements required for an injunction to issue. Instead, ...

Plaintiffs must merely state a cause of action by which an injunction is a sound judicial remedy." *James v. City of Dallas*, No. 398-cv-436-R, 2001 WL 586688, at *3 (N.D. Tex. May 22, 2001)

The Court should consequently dismiss Ms. Carter's request for injunctive relief only if she has not stated a cause of action by which her requests are a sound judicial remedy.

She has not done so here. Although it is not entirely clear from her Amended Complaint, Ms. Carter appears to seek an injunction to prevent Defendants and their attorneys from continuing to call her "a schemer, cheater, crazy" and other such comments during and after these proceedings.

The undersigned is concerned by these allegations, which, if true, suggest that the parties in this case are falling short of the Court's expectations "that, throughout these proceedings ... both Plaintiff and Defendants' counsel will be courteous, cooperative, and professional." Dkt. No. 125 at 3 (citing *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988)); *U.S. v. Bowen*, 969 F. Supp. 2d 518, 544 (E.D. La. Nov. 26, 2012) (discussing "the high standards of professionalism and ethics expected of all lawyers across the country.").

But Ms. Carter has only brought affirmative causes of action for negligence and Title VII. Neither of these claims would entitle her to the type of injunction against Defendants that she appears to seek. *Cf. Ross*, 672 F. Supp. at 277 (granting injunctive relief on a Title VII claim where "Double Diamond does not have an effective preventative system to assure that sexual harassment will not occur in the future").

For these reasons, the Court should dismiss Ms. Carter's request for injunctive relief.

## Recommendation

For the reasons discussed above, Defendants' Motions to Dismiss [Dkt. Nos. 202 & 204] should be granted in part and denied in part. In particular, the Court should not dismiss Ms. Carter's Title VII claim but should dismiss her request for declaratory relief to the extent described herein and her request for injunctive relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 1, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE