IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference from United

States District Judge David C. Godbey. *See* Dkt. No. 102.

Defendant Rad Staffing, LLC d/b/a Trinity Event Staffing ("Trinity") has filed

a Motion for Summary Judgment. *See* Dkt. No. 232.

Plaintiff Samantha Carter has filed a response, *see* Dkt. No. 246, and Trinity has

filed a reply, *see* Dkt. No. 255.

For the reasons and to the extent explained below, the Court should grant in

part and deny in part Trinity's Motion for Summary Judgment [Dkt. No. 232].

**Background**

Trinity has brought a motion for summary judgment.

To determine the undisputed facts in this case, the undersigned has considered

the evidence that the parties have submitted to the extent that it is proper for

consideration on this motion. *See* Dkt. No. 233, Exs. A-C.

The undersigned has also considered Trinity's Answer to Ms. Carter's original complaint. *See* FED. R. CIV. P. 56(c)(1) (requiring a party who asserts that a fact cannot be or is genuinely disputed to support this assertion by "citing to particular parts of materials in the record, including ... admissions"); *Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 107-08 (5th Cir. 1987) (internal quotation marks omitted) ("[i]rrespective of which document contains the more accurate account, [plaintiffs] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [one plaintiff's later-filed] affidavit"); *accord State Farm Fire & Cas. Co. v. Flowers*, 854 F.3d 842, 844-45 (5th Cir. 2017) (granting summary judgment based on judicial admissions in answer notwithstanding defendant's pointing to later deposition testimony as creating a genuine issue of fact).

The undisputed evidence establishes the following facts.

Trinity is a staffing company and was responsible for providing personnel to Defendant H2R Restaurant Holdings LLC ("H2R") for a catering event. Dkt. No. 78 at 3 ¶ 12.

Trinity hired Ms. Carter to work as a "Chef" at that catering event. *See* Dkt. No. 233, Ex. B at 2; Dkt. No. 78 at 3 ¶ 14.

Trinity's relationship with Ms. Carter did not mirror the traditional employer-employee relationship. Dkt. No. 233, Exs. A at 2, Ex. C at 1.But it is not clear what type of relationship they did have given the parties' competing narratives as to how

much control Trinity exerted over Ms. Carter on that night, *cf.* Dkt. No. 233, Ex. A at 2-3 (Ms. Carter admitting, among other things, that Trinity did not provide instruction on how to cook the food or operate the stove); Dkt. No. 78 at 3 ¶ 15 (Trinity admitting it instructed Ms. Carter to cook macaroni on a butane stove).

At some point, one or more supervisors at the catering event instructed Ms. Carter to cook macaroni and cheese on a butane stove, *see* Dkt. No. 78 at 3 ¶ 15; Dkt. No. 233, Ex. A at 2, that was "involved in the accident giving rise to [this] lawsuit," Dkt. No. 233, Ex. C at 1-2.

Trinity did not purchase the butane stove. *See id.* at 1. And Justin Atkinson, who owns Trinity, did not have knowledge of any defect or problem pertaining to the butane stove. *See id.*

But it is not clear which supervisor or supervisors specifically instructed Ms. Carter to cook on the butane stove. "Trinity admits that Plaintiff was instructed by Trinity personnel to cook macaroni on a Rathbun-supplied butane stove in a covered garage." Dkt. No. 78 at 3 ¶ 15. Ms. Carter, on the other hand, "[a]dmit[s] that no employees or representatives of Trinity Event Staffing provided instructions to Plaintiff, while she was at the premises made the basis of this lawsuit, on how to cook the food or operate the stove in question on the night of October 20, 2012" or "exercise[d] any control over the operation or maintenance of the butane stove involved," Dkt. No. 233, Ex. A at 2-3.

It is also not clear whether, aside from Mr. Atkinson, any Trinity employees or representatives had knowledge of any defect or problem pertaining to the butane stove.

In a sworn affidavit, Mr. Atkinson states that Trinity's employees or representatives did not have this knowledge. *See* Dkt. No. 233, Ex. C at 2. But he can only speak to matters over which he has personal knowledge. *See Reuther v. Realtors*, No. 15-2850, 2016 WL 5337839, at *3 (E.D. La. Sept. 23, 2016) (noting that "[t]he Fifth Circuit [has] found that [a] district court erred in allowing a corporate representative to testify at trial to matters that were within the corporation's knowledge but not within his own personal knowledge") (citing *Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, 907 (5th Cir. Dec. 16, 2010)). And he cannot have personal knowledge over what another person knows.

For the reasons explained below, the Court should grant Trinity's motion as to Ms. Carter's claim for personal injury, her request for injunctive relief to the extent that it is duplicative of her affirmative causes of action, and her request for declaratory relief. And the Court should deny Trinity's motion as to Ms. Carter's claims for negligence, gross negligence, and employment discrimination.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict

for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party

and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir.

1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

I.    <u>The Court has not considered Ms. Carter's exhibits.</u>

Before filing her response, Ms. Carter had filed several documents without

explaining their connection to any particular motion or pleading. *See* Dkt. Nos. 235, 236, 240, 242, & 243. The undersigned explained to Ms. Carter that her "decision to file these documents without explaining their relevance to a motion places an undue burden on the Court and Defendants." Dkt. No. 244 at 2. "As such, while the Court [did] not technically 'strike' these documents, ... the Court [explained that it] will not consider them in connection with any future motion or any other matter in this case." *Id.*

Ms. Carter nevertheless attempts to incorporate these documents by reference in her response to Trinity's motion. *See* Dkt. No. 246 (citing to these documents instead of re-filing them as part of an appendix that complies with the Federal Rules and Local Civil Rules).

Accordingly, the undersigned has not considered these documents in evaluating this motion and, therefore, does not address Trinity's objections to this evidence. *See* Dkt. No. 254 at 1-2 (Trinity objecting to this evidence).

II.    <u>Trinity is not entitled to summary judgment on Ms. Carter's negligence claim.</u>

A negligence claim under Texas law requires three elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

Trinity argues that it is entitled to summary judgment as to Ms. Carter's negligence claim for two reasons. It first argues that the undisputed facts establish that it did not owe her a legal duty. It next argues that Ms. Carter has not proffered affirmative evidence in support of her claims. For the reasons below, Trinity is not

entitled to summary judgment on either ground.

A. The undisputed facts do not establish that Trinity did not owe Ms. Carter a legal duty.

"As a general rule, one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control." *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983) (citing Restatement (Second) of Torts § 315 (1965); *Trammell v. Ramey*, 329 S.W.2d 153 (Ark. 1959)). "Yet, certain relationships do impose, as a matter of law, certain duties upon parties." *Id.* (citing Restatement (Second) §§ 316-20).

"An employer may breach a duty to its independent contractor by failing to exercise its retained control over the contractor with reasonable care." *D. Houston, Inc.*, 92 S.W.3d at 454 (citing *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 20 (Tex. 1987)). "This rule applies when the [employer] retains some control over the manner in which the independent contractor's work is performed, but does not retain the degree of control which would subject him to liability as a master." *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 265 (Tex. Civ. App. – Fort Worth 2003) (citing *Redlinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985) (in turn, citing Restatement (Second) Torts § 414 (1977)). "An employer may retain control either by contract or by exercising actual control over the contractor's work." *Id.* (citing *Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex. 1999)). "The retained right of control must extend to the operative details of the contractor's work such that the contractor is not free to do the work in his own way." *Id.* (citing *Redling*er, 689 S.W.2d at 418).

Trinity argues that they do not owe Ms. Carter a duty because the undisputed facts show that Ms. Carter was hired as an independent contractor, rather than a full time employee, and because it did not exercise any control over her on the night of the accident.

The undersigned disagrees. The undisputed evidence fails to establish that Trinity did not exert sufficient control over her such that it necessarily owes her no duty of care.

Trinity correctly notes that Ms. Carter admits in her answers to requests for admission that Trinity "did not exercise any control over the operation or maintenance of the butane stove" and that Trinity did not "provide[] instructions to Plaintiff, while she was at the premises made the basis of this lawsuit, on how to cook the food or operate the stove in question on the night of October 20, 2012." Dkt. No. 233, Ex. A at 2. She also states in a deposition transcript, which appears to have been taken in a different action, that a different defendant provided instructions to her on the night of the event. Dkt. No. 233, Ex. B at 2.

But the evidence that Trinity relies on now is in conflict with its own prior admissions. In its Answer to Ms. Carter's original complaint, Trinity admits that "Trinity personnel instructed Ms. Carter to cook macaroni on a butane stove in a covered garage." *See* Dkt. No. 78 at 3 ¶ 15. That is, Trinity admits that it had control over her decision to use a butane stove that was involved in the accident giving rise to this lawsuit. And, as Trinity points out, admissions typically have conclusive effect. *See* Dkt. No. 233 at 3 ("Courts have held admissions made pursuant to Federal Rule of

10

Civil Procedure 36 are conclusive evidence and 'cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record.' *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001)"). The United States Court of Appeals for the Fifth Circuit "has long noted that factual statements in the pleadings constitute binding judicial admissions, or at the very least adverse evidentiary admissions." *McCreary v. Richardson*, 738 F.3d 651, 659 n.5 (5th Cir. 2013), as revised (Oct. 9, 2013) (citations omitted). In fact, the Fifth Circuit has held in somewhat similar circumstances that, "[i]rrespective of which document contains the more accurate account, [plaintiffs] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [one plaintiff's later-filed] affidavit," where "[f]actual assertions in pleadings are … judicial admissions conclusively binding on the party that made them" and "[f]acts that are admitted in the pleadings are no longer at issue." *Davis*, 823 F.2d at 108 (internal quotation marks omitted); *accord State Farm Fire*, 854 F.3d at 844-45 (granting summary judgment based on judicial admissions in answer notwithstanding defendant's pointing to later deposition testimony as creating a genuine issue of fact).

For these reasons, Trinity's motion should be denied to the extent that it argues that the undisputed facts establish that Trinity did not owe Ms. Carter a legal duty.

B.     Trinity fails to meet its initial burden to "show" an absence of evidence.

Trinity also argues that it is entitled to summary judgment on Ms. Carter's negligence claim because she "offers no evidence in support of multiple essential elements of her negligence claim. Specifically, Plaintiff has put forth no evidence

Trinity (1) owed Plaintiff a legal duty; (2) breached a legal duty to the extent a duty existed[;] or [that] (3) Plaintiff's injuries were proximately caused by Trinity's alleged breach." *See id.* at 6.

Trinity appears to believe that – in light of the United States Supreme Court's decision in *Celotex v. Catrett*, 477 U.S. 317 (1986) – because it has made conclusory statements as to the alleged absence of proof as to the elements of her negligence claim, Ms. Carter has the burden to proffer affirmative evidence as to each of these elements. Dkt. No. 254 at 2.

The undersigned cannot agree with that proposition. In *Celotex*, the United States Supreme Court made clear that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact" – even if the moving party is not required to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323-24.

To meet its initial burden, "[i]t is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case." *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (citing *Celotex*, 477 U.S. at 328)). Rather, as the Eleventh Circuit explains in what appears to be a seminal case on this issue and one that the Fifth Circuit describes as "identical" to the law in this Circuit,

[t]he moving party bears the initial burden to show the district court, by

reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Celotex* did not change the general rule. *Celotex* simply holds that under certain circumstances the movant may meet its Rule 56 burden without negating an element of the non-moving party's claim and that under such circumstances it is sufficient to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden. Even after *Celotex*, it is never enough simply to state that the non-moving party cannot meet its burden at trial.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *accord Russ v. International Paper Co.*, 943 F.2d 589, 591-92 (5th Cir. 1991) ("Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case. That this is a common misinterpretation of the Supreme Court decisions is amply demonstrated in the thorough opinion of Judge [Emmett] Cox, relying to some extent on 5th Circuit cases, in *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The law of the Fifth Circuit and the Eleventh Circuit is identical in this regard."); *see also Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (quoting *Celotex*, 106 S.Ct. at 2555 (Brennan, J., dissenting) ("Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. ... Rather, as the [majority] confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.")).

That is, at a minimum, the moving party must "point[] out that there is no

evidence to support a *specific element* of the nonmovant's claim." *Austin v. Kroger Texas L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017) (citing *Celotex*, 477 U.S. at 322-323; emphasis in original). "There is a difference between pointing out that there is no evidence by making a conclusory assertion and pointing out there is no evidence by discussing what the record shows. ... [T]he moving party must show that the evidence currently in the record does not show a genuine issue of material fact." *Seastrunk v. Darwell Integrated Tech, Inc.*, No. 3:05-cv-531-BF, 2008 WL 190316, at *2 (N.D. Tex. Jan. 22, 2008); *accord Davis v. Ascension Health and Sedgwick Claims Management Services, Inc.*, No. A-09-ca-885 LY, 2011 WL 13175633, at *9 (W.D. Tex. Jan. 26, 2011), *accepted by*, 2011 WL 13175783 (W.D. Tex. March 15, 2011).

Based on these principles, in *Lopez v. City of Dallas, Tex*, now-Chief Judge Barbara J. Lynn found that the moving party failed to meet its initial burden where it "assert[ed] in its summary judgment brief that (1) there is no evidence that any particular land was offered for sale or lease for construction of residential dwellings, (2) Plaintiffs recognize that construction of homes in much of the area is improbable, [and] (3) at most, the City made some portions of land unavailable for some future development of residential housing units." *Lopez v. City of Dallas, Tex*, No. 3:03-cv-2223-M, 2006 WL 1450520, at *7-*8 (N.D. Tex. May 24, 2006). She reasoned that, by making these assertions "without any references to evidence, interrogatories, or portions of depositions," the moving party "ma[de] only conclusory assertions that Plaintiffs [could not] prove their case" and therefore "[could not] prevail on its Motion

for Summary Judgment directed to this claim." *Lopez*, 2006 WL 1450520 at *8; *accord Seastrunk*, 2008 WL 190316, at *2 (N.D. Tex. Jan. 22, 2008) ("It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements. This is the type of conclusory assertion the court has said would not satisfy the summary judgment burden.").

Trinity's argument is even less compelling than the non-prevailing defendant's in *Lopez*. Both defendants fail to cite to any materials in the record to support their argument. But, in *Lopez*, the defendant at least appears to have made conclusory assertions as to the absence of proof as to facts that would be needed to support the elements of the defendant's claim. Here, Trinity asserts in the most conclusory terms that "Plaintiff has put forth no evidence" to support each of the general elements that make up a negligence claim. Dkt. No. 233 at 6 ("Plaintiff has put forth no evidence that Trinity (1) owed Plaintiff a legal duty; (2) breached a legal duty to the extent a duty existed[;] or [that] (3) Plaintiff's injuries were proximately caused by Trinity's alleged breach.").

"It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements. This is the type of conclusory assertion the court has said would not satisfy the summary judgment burden. [Trinity], in doing so, fails to meet [its] initial burden." *Seastrunk*, 2008 WL 190316, at *3; *see also Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of

law' are insufficient to either support or defeat a motion for summary judgment").

Further, even if Trinity could meet its burden through conclusory allegations, it has not alleged that Ms. Carter "cannot produce admissible evidence to support" this claim or that admissible evidence to support this claim does not exist. FED. R. CIV. P. 56(c)(1) ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... (B) showing ... that an adverse party cannot produce admissible evidence to support the fact."); *Lopez*, 2006 WL 1450520, at *8 ("Even if the City's burden could be discharged through only conclusory assertions, it has not argued that the Plaintiffs cannot produce evidence that land in Cadillac Heights that was not used for housing for future residents but for the City's actions"); *Austin*, 864 F.3d at 335 n.10 (5th Cir. 2017) (explaining that the movant in *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993), failed to meet its burden where he "did not point to a specific element on which the nonmovant had the burden of proof at trial and allege that there was insufficient evidence to prove that element at trial"). Trinity has only alleged that Ms. Carter has not done so thus far, *see* Dkt. No. 233 at 6 (asserting only that Ms. Carter "offers no evidence" and "has put forth no evidence" in support of each element of her negligence claim), with the discovery deadline still several months out, *see* Dkt. No. 125 at 8. The Court should not infer that Ms. Carter cannot proffer evidence to support her claim where Trinity has not so alleged, even in a conclusory fashion.

For these reasons, the Court should deny Trinity's motion for summary judgment as to Ms. Carter's negligence claim.

III.  <u>Trinity is not entitled to summary judgment on Ms. Carter's Title VII claim.</u>

Title VII prohibits discrimination in the workplace. But all workers do not come within its protection. A plaintiff can only successfully bring a Title VII claim if he or she is an "employee" and not an "independent contractor," *see Diggs v. Harris Hospital-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988) – even if, contrary to Trinity's continued insistence otherwise, this is not a jurisdictional requirement, *see* Dkt. No. 247 at 18-20 (explaining why this is not a jurisdictional requirement in response to an identical argument Trinity previously made and that the undersigned rejected); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S.Ct. 1377, 1387-88 & n.4 (2014) (explaining that the question of whether a claimant "falls within the class of plaintiffs whom Congress has authorized to sue under" a particular statute is occasionally referred to as "statutory standing," but a claimant's "statutory standing" is not a jurisdictional requirement).

Trinity contends that the undisputed evidence establishes that Ms. Carter is not an employee who would be protected under Title VII.

Trinity relies on Ms. Carter's admission that she "was not a full time or part[] time employee of Trinity Event Staffing at the time of the incident giving rise to the lawsuit but was instead a contractor." Dkt. No. 233, Ex. A at 2.

But it is not clear that Ms. Carter has actually admitted that she is not an employee as that term is understood for purposes of Title VII.

First, the term "employee" has a very particular meaning for purposes of Title VII claims. *See Fields v. Hallsville Indep. School Dist.*, 906 F.2d 1017, 1019 (5th Cir.

1990) (explaining that the Fifth Circuit has adopted the hybrid economic realities/common law control test for determining the existence of an employment relationship) (internal quotation and citation omitted). And Trinity has not proffered evidence indicating that it defined "employee" in its requests for admission at all, let alone in a manner that is consistent with Title VII's definition. As such, the undersigned cannot find that Ms. Carter, a non-lawyer, has admitted that she is an "employee" under Title VII by virtue of her RFA answers. *See Blythe v. Fifth Third Bank*, No. 6:08-cv-391-Orl-18DAB, 2010 WL 11432601, at *6 (M.D. Fl. Jan. 19, 2010) ("And while Plaintiff, a non-lawyer, admitted that Defendant did not act with malice, a term of art undefined in the request for admissions, this does not allow the Court to disregard his testimony showing circumstantial evidence of malice."); *Galindo*, 754 F.2d at 1216 ("[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment.").

Second, in the same set of requests for admission, Ms. Carter also denies that she is an "independent contractor" and, instead, only admits that she is a "contractor." *See* Dkt. No. 233, Ex. A at 2. The Court is required to view Ms. Carter's answers in the light most favorable to her, as the non-moving party. *See Anderson*, 477 U.S. at 255. This is especially true where Ms. Carter is a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.") (internal quotations and citations omitted). Understood accordingly, Ms. Carter appears to only admit (1) that she worked for Trinity and (2) that her relationship with Trinity was somewhere in between a traditional employer-employee relationship and an employer-independent contractor relationship.

The determination as to whether a plaintiff is an "employee" under Title VII is highly fact-sensitive. A judge in this district has explained that, "in applying the economic realities/common law test [to determine a plaintiff's employment status], the court is to carefully consider the particular facts of each case, rather than using any general formulas in deciding a Plaintiff's status vis-a-vis a defendant." *Heckler v. Product Development Corp.*, No. 3:02-cv-2532-AH, 2003 WL 22961214, at *2 (N.D. Tex. Nov. 19, 2003) (citing *Deal State Farm County Mut. Ins. Co. of Tex.*, 5 F.3d 117 (5th Cir. 1993)).

Ms. Carter's responses as to her employment relationship with Trinity are equivocal at best. They are not enough to show that she is an employee under Title VII as a matter of law.

The remaining evidence in the record is also insufficient.

Trinity has proffered an affidavit by its owner, Justin Atkinson, which provides that "[a]t no time before or during the night of October 20, 2012 was Plaintiff an employee of Trinity Event Staffing." Dkt. No. 233, Ex. C at 1. But Mr. Atkinson's self-serving and conclusory opinion is insufficient to establish that Ms. Carter is not an employee for purposes of a Title VII claim. *See Galindo*, 754 F.2d at 1216

("[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment.").

Further, as discussed above, whether or not Trinity exerted control over Ms. Carter is, at the very least, a disputed fact. *See McCreary*, 738 F.3d at 659 n.5 ("factual statements in the pleadings constitute binding judicial admissions, or at the very least adverse evidentiary admissions"). As stated, while Trinity now proffers evidence suggesting it did not exercise control over Ms. Carter, Trinity has also admitted that its personnel told Ms. Carter what to cook and how to cook it. *See* Dkt. No. 78 at 3 ¶ 15. And an employer's control over the plaintiff is the most important factor when determining whether or not a plaintiff is an "employee" or an "independent contractor" under Title VII. *See Mumhammad v. Dallas County Community Supervision and Corrections Dept.*, 479 F.3d 377, 280 (5th Cir. 2007) ("The most important component of this test is the right to control the employee's conduct.") (quotation and citation omitted).

The Court should deny Trinity's motion for summary judgment as to Ms. Carter's Title VII claim.

IV.    Trinity is entitled to summary judgment on Ms. Carter's "claim" for "personal injury" to the extent that she sought to bring one.

Trinity contends that it is entitled to summary judgment on Ms. Carter's claim for "personal injury." It argues that Ms. Carter bases this alleged "claim" on two provisions: 26 U.S.C. § 104 and 42 U.S.C. § 14505.

The undersigned agrees with Trinity. To the extent that Ms. Carter had sought to bring a claim for "personal injury" – and it is not entirely clear from her pleadings that she did – such a claim should be denied. 26 U.S.C. § 104 refers to the amount that a person can deduct from his or her gross income for injuries or sickness for tax purposes. And 42 U.S.C. § 1505 simply defines terms that are used in a Chapter of title 42 concerning the liability non-profits might or might not face from volunteers. Neither provides Ms. Carter with a viable cause of action.

V.   Trinity is not entitled to summary judgment on Ms. Carter's claim for gross negligence or her request for punitive damages on that basis.

"'[G]ross negligence involves two components: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.'" *Texas Dept. Of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (quoting *Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999)).

Trinity argues that it is entitled to summary judgment as to Ms. Carter's gross negligence claim because "Plaintiff offers no evidence [that] any act/omission by Trinity constituted an extreme degree of risk considering the probability and magnitude of the potential harm to others ... [or that] Trinity had actual or subjective awareness of the alleged risk involved, if any, and nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others or that Trinity acted with conscious indifference

21

to Plaintiff or others." Dkt. No. 233 at 7.

The undersigned cannot agree. As explained in more detail above, "[t]he moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608; *accord Russ*, 943 F.2d at 591-92 (adopting the position in *Clark*).

Trinity has failed to meet this initial burden here. As another judge in this district has explained, "[i]t is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements. This is the type of conclusory assertion the court has said would not satisfy the summary judgment burden." *Seastrunk*, 2008 WL 190316, at *2.

Further, as was also true with a similar argument that Trinity makes as to Ms. Carter's negligence claim, Trinity has not alleged that Ms. Carter "cannot produce admissible evidence to support" this claim or that admissible evidence to support this claim does not exist. FED. R. CIV. P. 56(c)(1) ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... (B) showing ... that an adverse party cannot produce admissible evidence to support the fact."). It has only alleged that Ms. Carter "offers no evidence" to support these elements thus far, *see* Dkt. No. 233 at 7, with the discovery deadline still several months out, *see* Dkt. No. 125 at 7. And the Court, again, should not infer that Ms. Carter cannot proffer evidence to

22

support her claim where Trinity has not so alleged, even in a conclusory fashion.

Nor is it clear that Trinity could succeed on this motion by affirmatively negating an element of this claim even if it had tried to do so – at least based on the evidence that is in the record. *See Celotex*, 477 U.S. at 323 (explaining that a party can succeed on a motion for summary judgment (1) by showing that the non-movant has failed to make a showing sufficient to establish the existence of an element essential to its claim or (2) by affirmatively negating an element of the non-movant's claim).

Trinity proffers an affidavit, signed by Mr. Atkinson, stating that Trinity personnel did not have knowledge of any defect or problem pertaining to the butane stove involved in the accident. This could suggest – although Trinity has not so argued – that Trinity personnel did not have "actual or subjective awareness of the alleged risk involved" in allowing Ms. Carter to cook on a butane stove that ultimately exploded.

But, as explained above, the Court can only accept Mr. Atkinson's affidavit to the extent it is based on his personal knowledge. *See Reuther*, 2016 WL 5337839, at *3 (noting that "[t]he Fifth Circuit [has] found that [a] district court erred in allowing a corporate representative to testify at trial to matters that were within the corporation's knowledge but not within his own personal knowledge") (citing *Union Pump*, 404 F. App'x at 907). And Mr. Atkinson cannot have personal knowledge over what other Trinity employees and representatives subjectively knew.

For these reasons, the Court should conclude that Trinity is not entitled to summary judgment as to Ms. Carter's claim for gross negligence against it.

VI.   Trinity is entitled to summary judgment on Ms. Carter's request for declaratory relief to the extent it is duplicative of her affirmative causes of action.

Trinity argues that it is entitled to summary judgment on Ms. Carter's request for declaratory relief because they are duplicative of her affirmative causes of action. *See Ashe*, 992 F.2d at 544 (explaining that, when a "motion for summary judgment only challeng[es] the sufficiency of the plaintiff's pleadings, the motion should [be] evaluated much the same as a 12(b)(6) motion to dismiss").

Ms. Carter purports to file a declaratory judgment under both the state and federal declaratory judgment acts. But, since this action is in federal court, Ms. Carter's declaratory judgment action is construed to arise only under the federal Declaratory Judgment Act. *See Little Giant Mfg. Co. v. Chromalox Indus. Heating Products*, No. 1:96-cv-44, 1996 WL 363026, at *3 (E.D. Tex. June 26, 1996) ("When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought pursuant to the federal Declaratory Judgment Act.").

The federal Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Federal courts consequently have broad discretion to grant or refuse declaratory judgment. *See Torch,*

*Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).

"Although 'the district court's discretion is broad, it is not unfettered.'" *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)). "In analyzing whether to decide or dismiss the declaratory judgment suit, ... a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 26 (5th Cir. 1989)).

Trinity appears to contend that the Court should not exercise its discretion to decide her request for declaratory judgment because it is duplicative of her other causes of actions. *See Fisher v. Beers*, No. 13-6632, 2014 WL 3497572, at *4 & n.2 (E.D. La. July 14, 2014) (disagreeing with other courts in this circuit, *see, e.g., Scritchfield v. Mut. of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004), to the extent they find that the redundancy of a declaratory judgment action, in light of another cause of action seeking the same relief, means that the action is not justiciable but agreeing that such redundant actions should still be dismissed).

Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court. *See Fisher*, 2014 WL 3497572, at *4 & n.2 (noting that "[n]umerous courts ... have declined to entertain claims for declaratory relief when plaintiffs would get nothing from a declaratory judgment that they would not get from

prevailing on their breach of contract claims") (internal quotations omitted; dropping cases); *St. Paul*, 39 F.3d at 590-91 (considering "whether retaining the lawsuit would serve the purposes of judicial economy" among seven nonexclusive factors to consider when deciding whether to decide or dismiss a declaratory action); *see also Centex Homes v. Lexington Ins. Co.*, No. 3:13-cv-719-BN, 2014 WL 1225501, at *14 (N.D. Tex. March 24, 2014) ("Federal Rule of Civil Procedure 12 does permit a court to strike or dismiss a counterclaim on the basis that it is redundant").

A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counter-claims before the Court would resolve all questions that the declaratory judgment action raises. *See Centex*, 2014 WL 1225501, at *14 (citing *In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 5308862, at *1 (Bankr. S.D. Tex. Sept. 18, 2013); *Redwood Resort Props., LLC v. Homes Co. Ltd.*, No. 3:06-cv-1022-D, 2007 WL 1266060, at *4-*5 (N.D. Tex. April 30, 2007)); *accord Fisher*, 2014 WL 3497572, at *4. In making this determination, "the Court should consider 'potential qualitative differences between merely prevailing in [the] lawsuit, and receiving an affirmative declaration of rights to a declaratory judgment.'" *Centex*, 2014 WL 1225501, at *14 (quoting *Blackmer v. Shadow Creek Ranch Development Co. Ltd. P'ship*, No. H-07-681, 2007 WL 7239968, at *1 (S.D. Tex. June 26, 2007)).

As the undersigned notes in his Findings, Conclusions, and Recommendation on Trinity's Motion to Dismiss, where Trinity makes the same argument:

> The undersigned agrees with Defendants that at least some of Ms. Carter's requests for declaratory judgment are redundant in light of Ms. Carter's other affirmative causes of action. These specifically include her requests for a declaration that "[a]ll defendants were negligent and liable

of the causes sought in relief for damages," a declaration as to the amount of compensable damages she suffered, and a declaration that Trinity admits liability because it has purportedly already paid for some of her hospital bills.

For Ms. Carter to succeed on her negligence claim, the Court would already need to determine that Defendants acted negligently and are liable due to that negligence, and it would also need to determine any amount of damages she was entitled to as a result. *See id.* at *15 (suggesting a distinction between cases in which the plaintiff seeks a declaratory judgment in addition to other causes of action because, unlike when a defendant files a declaratory judgment action as a counter-claim, the plaintiff must prove each element to succeed on his or her claim).

But the same cannot be said about the other declarations that Ms. Carter seeks in her declaratory judgment action.

Although it is not entirely clear from her pleadings, Ms. Carter appears to seek declarations concerning the ability for Defendants' insurers to negotiate a settlement with her and to pay her claims. *See* Dkt. No. 186-1 at 21-23.These are not duplicative of her Title VII or negligence claim.

Dkt. No. 247 at 26-27.

The Court should determine that Trinity is entitled to summary judgment on her request for declaratory judgment to the extent her request is duplicative of her affirmative causes of action, as described herein.

VII. Trinity is entitled to summary judgment on Ms. Carter's request for injunctive <u>relief.</u>

Finally, Trinity argues that it is entitled to summary judgment on Ms. Carter's request for injunctive relief. It repeats the same argument it made in its previously filed motion to dismiss –namely that Ms. Carter has not satisfied the requirements for injunctive relief.

As the undersigned explained when recommending that the Court grant Trinity's motion to dismiss as to Ms. Carter's request for injunctive relief:

"[t]o survive a motion to dismiss, the Plaintiffs need not providence evidence that meets all the elements required for an injunction to issue. Instead, ... Plaintiffs must merely state a cause of action by which an injunction is a sound judicial remedy." *James v. City of Dallas*, No. 398-cv-436-R, 2001 WL 586688, at *3 (N.D. Tex. May 22, 2001)

The Court should consequently dismiss Ms. Carter's request for injunctive relief only if she has not stated a cause of action by which her requests are a sound judicial remedy.

She has not done so here. Although it is not entirely clear from her Amended Complaint, Ms. Carter appears to seek an injunction to prevent Defendants and their attorneys from continuing to call her "a schemer, cheater, crazy" and other such comments during and after these proceedings.

The undersigned is concerned by these allegations, which, if true, suggest that the parties in this case are falling short of the Court's expectations "that, throughout these proceedings ... both Plaintiff and Defendants' counsel will be courteous, cooperative, and professional." Dkt. No. 125 at 3 (citing *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988)); *U.S. v. Bowen*, 969 F. Supp. 2d 518, 544 (E.D. La. Nov. 26, 2012) (discussing "the high standards of professionalism and ethics expected of all lawyers across the country.").

But Ms. Carter has only brought affirmative causes of action for negligence and Title VII. Neither of these claims would entitle her to the type of injunction against Defendants that she appears to seek. *Cf. Ross*, 672 F. Supp. at 277 (granting injunctive relief on a Title VII claim where "Double Diamond does not have an effective preventative system to assure that sexual harassment will not occur in the future").

Dkt. No. 247 at 27-28.

Although United States District Court David Godbey has yet to rule on his FCR or Trinity's Motion to Dismiss, the undersigned stands by this assessment. Trinity's motion for summary judgment should therefore be granted as to Ms. Carter's request for injunctive relief on the same grounds. *See Ashe*, 992 F.2d at 544 (finding that when a "motion for summary judgment only challeng[es] the sufficiency of the plaintiff's pleadings, the motion should [be] evaluated much the same as a 12(b)(6) motion to dismiss").

## Recommendation

For the reasons discussed above, Defendant Trinity Event Staffing's Motion for Summary Judgment [Dkt. No. 232] should be granted in part and denied in part. The Court should grant Trinity's motion as to Plaintiff Samantha Carter's claim for personal injury and her requests for declaratory relief to the extent it is duplicative of her affirmative causes of action and her request for injunctive relief in full. And the Court should deny Trinity's motion as to Ms. Carter's claims for negligence, gross negligence, and Title VII employment discrimination.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE