IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMANTHA CARTER,                §
                                §
        Plaintiff,               §
                                §
V.                              §         No. 3:16-cv-1554-N-BN
                                §
H2R RESTAURANT HOLDINGS, LLC,   §
ET AL.,                         §
                                §
        Defendants.              §

# MEMORANDUM OPINION AND ORDER

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

**Background and Procedural History**

Defendants H2R Restaurant Holdings, LLC, John Dyess, and Chris Short (the "H2R Defendants") filed a Motion to Compel, *see* Dkt. No. 250, without filing a Joint Status Report in violation of the Court's Standing Order on Non-Dispositive Motions, *see* Dkt. No. 103 at 2-3. They contend that they did so because Plaintiff Samantha Carter refused to meet and confer.

The Court subsequently ordered Ms. Carter and the H2R Defendants "to meet and confer and file a Joint Status Report on the H2R Defendants' Motion to Compel by Friday August 18, 2017." Dkt. No. 125 at 3.

Ms. Carter filed a Response to this Order shortly thereafter. She disputes that she refused to meet and confer with the H2R Defendants. Dkt. No. 253 at 1. She also

appears to contend that she stands by her responses to the H2R Defendants' discovery requests and that a meet-and-confer session would be pointless as a result. *See id.* at 1-3.

The H2R Defendants filed a Joint Status Report on August 18, 2017. *See* Dkt. No. 258. In their Joint Status Report, they contend that their counsel "has attempted to communicate with Plaintiff to comply with the Court's Order [and that] Plaintiff has failed to respond." *Id.* at 1.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer an interrogatory under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004). A party

resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Federal Rules of Civil Procedure Rules 26(b) and 26(c) have been amended, effective December 1, 2015. For the reasons that the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rule 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). As amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery

3

sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

Rule 26(b)(1), as amended, provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel or resist a motion for protective order, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing. And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of

relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Additionally, "a proper Rule 37(a) motion to compel ... must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1." *Samsung Elecs. Am. Inc. v. Chung*, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (internal quotation marks omitted); *accord* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015) ("Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion." (internal quotation marks and citations omitted)), *on reconsideration in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014) ("[T]he conference requirement is in place to require the

6

parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including pro se parties, that require all parties to engage in meaningful discussions in an attempt to resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex.1988)."). "When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements. When it may require several hours of court time to resolve the numerous issues raised; it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues without judicial involvement." *Brown*, 2015 WL 11121361, at *4 (internal quotation marks and citation omitted).

A proper Rule 37(a) motion to compel also "must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining … how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Samsung*,

2017 WL 896897, at *13.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

8

**Discussion**

I. The Court will not grant the H2R Defendants' request for a sanction for Ms. Carter's refusal to meet and confer.

The H2R Defendants ask the Court to impose an unspecified sanction on Ms. Carter for refusal to meet and confer. *See* Dkt. No. 258 at 2. To the extent that they intended to ask the Court to grant their motion in full for this reason, their request is denied.

As another judge in this district has explained, "[a] failure to satisfy conference requirements does not ... mandate" that the Court rule against the non-compliant party. *Brown*, 2015 WL 11121361, at *5.

> [T]he Court retains discretion to "waive strict compliance with the conference requirements" and to consider the motions on their merits. The Court may deem a failure to confer excusable when the conference would merely be "a waste of time," *Vinewood Capital, L.L.C. v. Al Islami*, No. 4:06-cv-316-Y, 2006 WL 3151535, at *2 (N.D. Tex. Nov. 2, 2006), or when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute," *Obregon v. Melton*, No. 3:02-cv-1009-D, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002). But the Court will not presume that a conference will be unproductive and a waste of time simply because the parties have a bitter history and an apparent inability to get along well. The conference requirements of the Federal Rules of Civil Procedure and the local rules of this Court serve the important function of narrowing or eliminating issues before a party seeks judicial involvement. This function is particularly important when the parties consistently seek sanctions for alleged non-compliance with discovery or court-imposed obligations.

*Id.*

A status conference would be a waste of time here where Ms. Carter has repeatedly insisted that she would not change her discovery responses and where, as explained in further detail below, the H2R Defendants have failed to identify what

9

requests are even at issue.

"[F]urther delay in addressing the motion[] to compel would [also] not comport with the overriding principle set forth in Fed. R. Civ. P. 1 that the courts construe and administer the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Consequently, the Court will overlook [any] failures to confer. Of course, the failures to confer may impact the availability of sanctions should the Court grant the motion[], *see* FED. R. CIV. P. 37(a)(5)(A)(i), and an exhibited lack of cooperation by [one party or the other] may constitute 'other circumstances [that] make an award of expenses unjust,' *see* FED. R. CIV. P. 37(a)(5)(B)." *Brown*, 2015 WL 11121361, at *5; *accord Mitchell v. Univ. of La. Sys.*, No. Civ. A. 13-820-JWD, 2015 WL 1540532, at *5 (M.D. La. Apr. 7, 2015) ("Defendant's failure to conduct or attempt to conduct a proper Rule 37(a) conference prior to filing its Motion to Compel is grounds for denial. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014). Defendant should have first met and conferred with Plaintiff and then, if the discovery issues could not be resolved between the parties, sought leave of court to file an untimely Motion to Compel. Nevertheless, in light of Plaintiff's voluminous productions and untimely written discovery responses, the court will proceed to the merits of Defendant's Motion to Compel and consider Defendant's failure to conduct a proper Rule 37(a) conference when determining whether to award any sanctions.").

The Court nevertheless warns the parties that they each must properly confer

going forward before filing any discovery motions. Any future discovery motions may be decided against the non-compliant party in the future.

II.     The H2R Defendants have failed to adequately support their motion.

The moving party is likely to succeed on a motion to compel where, as here, the party resisting discovery refuses to meet and confer and, therefore, waives her opportunity to buffer her objections with a formal response. "As noted above, the party resisting discovery must show specifically how each discovery request at issue is not relevant or otherwise objectionable, and an objecting party must, in response to a motion to compel, urge and argue in support of his objection to a request, or the objection will be waived or deemed abandoned. But more is still required of a party moving to compel under Rule 37(a) than [the H2R Defendants] provide through [their] MTC." *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682, 2016 WL 1392332, at *6 (N.D. Tex. April 8, 2016). A motion to compel may nevertheless fail if the movant fails to even minimally support it. That is the case here.

Federal Rule of Civil Procedure 7(b)(1)(B) requires the moving party to "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B). As the undersigned has previously explained to the parties in this case, "[t]he moving party's duty to do so is especially important where it is filing a motion against [a] pro se litigant[] who, presumably, [would] not [be] well-positioned to speculate as to why the movant might have filed a particular motion and to respond accordingly." Dkt. No. 247 at 10. The moving party must support a motion to compel, in particular, by "identify[ing] the specific Rule 34 requests at issue" and "discuss[ing] how [the

11

opposing party's] responses and document productions are deficient." *Harrison*, 2016 WL 1392332, at *6 (denying plaintiff's motion to compel for these deficiencies, among others).

Here, the H2R Defendants do not identify the specific Rule 34 requests at issue. Nor do they at all explain why they contend that Ms. Carter's responses are insufficient. They, instead, argue only that:

> Plaintiff did respond to Defendants' discovery requests on August 7, 2017, in the sense that she sent a document to Defendants. However, as the Court can see, Plaintiff failed to answer Defendants' discovery requests. *See Exhibit C.*

Dkt. No. 250 at 1. The H2R Defendants largely spend the remainder of their two page motion taking issue with Ms. Carter's failure to make herself available to meet and confer. *See id.* at 1-2.

Some or all of Ms. Carter's responses might be deficient. But the Court will not presume that when the H2R Defendants have not provided the Court with any reason to do so as to any specific request. This is particularly true where, as here, the party resisting discovery appears to raise at least some colorable objections. Ms. Carter objects to the H2R Defendants' first interrogatory because, among other things, "[a] party's social security number is 'clearly irrelevant to the subject matter.'" *See* Dkt. No. 250, Ex. C at 1 (quoting *Smith v. Superior Court in and for San Joaquin County*, 189 Cal. App. 2d 6, 9, 13 (Cal. App. 1961)).

The H2R Defendants have also failed to identify the specific requests that they want Ms. Carter to respond to or what basis they have for their motion in their joint

status report. But, even if they had, it would have come too late. The H2R Defendants have an obligation to provide the basis for their motion in their initial moving papers. *See Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008) (declining to consider an argument, in part because "Sundown did not argue 'substantial need' in its motion to compel; this argument cannot therefore provide a basis for reversing a magistrate judge's decision"); *Herrmann Holdings Ltd. v. Lucent Technologies, Inc.*, 302 F.3d 552, 562 n.2 (5th Cir. 2002) (explaining that courts do not consider arguments raised for the first time on oral argument or in a reply brief). With respect to the moving party, the Joint Status Report is merely supposed to summarize the arguments that it has already raised in its motion.

The Court DENIES the H2R Defendants' motion to compel for these reasons.

III. It would be unjust to grant Ms. Carter an award of expenses for the H2R Defendants' unsuccessful motion.

Rule 37(a)(5)(B) provides that, if a motion to compel is denied, "the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B).

The Court cannot determine whether the H2R Defendants' motion is substantially justified because, as explained above, they have failed to sufficiently

13

explain what discovery requests they take issue with and what basis they have for this motion.

The Court nevertheless declines to award Ms. Carter any expenses she may have incurred in connection with this motion because "other circumstances make [the] award of expenses unjust," *see* FED. R. CIV. P. 37(a)(5)(B) – here, Ms. Carter's refusal to make herself available for a meet-and-confer session.

The Court therefore determines that the parties must bear their own expenses and attorneys' fees in connection with this motion.

## Conclusion

For the reasons discussed above, the Court DENIES Defendants H2R Restaurant Holdings, LLC, Chris Short, and John Dyess' Motion to Compel [Dkt. No. 250].

SO ORDERED.

DATED: August 29, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE