IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SAMANTHA CARTER, §
　§
　　Plaintiff, §
　§
V. § No. 3:16-cv-1554-N-BN
　§
H2R RESTAURANT HOLDINGS, LLC, §
ET AL., §
　§
　　Defendants. §

**MEMORANDUM OPINION AND ORDER**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

Plaintiff Samantha Carter filed a Motion to Enforce Subpoena against Travelers Lloyd Insurance Company ("Travelers"), a non-party who insures one or more defendants. *See* Dkt. No. 224. At the Court's direction, *see* Dkt. No. 226, Travelers filed a response, *see* Dkt. No. 238, and Ms. Carter filed a reply, *see* Dkt. No. 239.

For the reasons discussed below, the Court DENIES Plaintiff Samantha Carter's Motion to Enforce Subpoena [Dkt. No. 224].

**Background**

Ms. Carter issued a subpoena to Travelers in which she appears to seek "[s]ettlement offers and/or [r]esolution [a]ttempts through corresponden[ce] made to Samantha Carter on Cause 3:16 CV 1554 N BN with claim number EVG5521 for Travelers Lloyd Insurance Company, Fireman's Fund claim 00512018200 and North

American Claim number EP 12000368." *See* Dkt. No. 227, Ex. A.

She contends that Travelers only sent her one non-responsive document and subsequently filed a Motion to Enforce Subpoena to compel it to fully respond. *See* Dkt. No. 224 at 1-2.

Travelers responds by noting that Ms. Carter's request, as written, only "seeks documents, electronically stored information and objects regarding 'Settlement Offers and/or Resolution Attempts through correspondence made to Samantha Carter on Cause No.3:16 CV 1554 BN with claim number EVG5221 for Travelers Lloyd (sic) Insurance Company.'" *Id.* at 2-3. And it contends that it has fully responded to this request by producing the one responsive document on the matter. This document appears to discuss settlement negotiations between Ms. Carter and a defendant that Travelers insures. *See* Dkt. No. 238, Ex. B.

In her reply, Ms. Carter reiterates that this document is not responsive. She then refers the Court to Nationwide E&S/Specialty's ("Nationwide") response to the exact same request as one example of how she believes Travelers could and should have responded.

Nationwide responded by stating that "[it] has not made any formal offers of settlement or resolution. As such, Nationwide does not have any documents responsive to the above-referenced subpoena." Dkt. No. 239, Ex. 11.

By referring to Nationwide's response to her request, Ms. Carter appears to suggest that Travelers should have responded by clearly stating whether or not it has formally offered her a settlement.

2

## Legal Standards

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii).

"Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party ... as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the U.S. & Canada v. SKODAM Films, LLC*, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)).

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may be set out in a separate subpoena.").

Federal Rule of Civil Procedure 34 governs requests for production of documents and electronically stored information from a party and explains that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." FED. R. CIV. P. 34(c). And Rule 34 provides that a document request "must describe with reasonable particularity each item or category of items to

be inspected" or produced, FED. R. CIV. P. 34(b)(1)(A), and, although Rule 34 governs document discovery from a party and not a non-party, *see* FED. R. CIV. P. 34(c), this reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party, *see generally Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Under Rule 45(c)(2), "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and (B) inspection of premises at the premises to be inspected." FED. R. CIV. P. 45(c)(2); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may be set out in a separate subpoena."). Federal Rule of Civil Procedure 45(d)(2)(A) provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." FED. R. CIV. P. 45(d)(2)(A).

**Discussion**

Ms. Carter appears to contend that Travelers failed to respond to her request because it has not affirmatively stated whether it offered her a settlement offer – in the manner that Nationwide did in responding to an identical subpoena that Ms. Carter served to it. *See* Dkt. No. 239 at 3.

The Court disagrees. Ms. Carter issued a subpoena that called on Travelers to

4

produce "documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material" that pertain to "Settlement offers and/or Resolution Attempts." *See* Dkt. No. 227 (placing a check mark next to "*Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects ...") (emphasis in original). Ms. Carter did not ask Travelers to admit whether or not they made her a settlement offer.

To fully respond to her request, Travelers is therefore only required to produce such "documents, electronically stored information, or objects" relating to "[s]ettlement offers and/or [r]esolution [a]ttempts" to the extent those things exist and are in its possession, custody, or control.

Travelers explains that it produced the one document that it believes to be responsive to Ms. Carter's request. It also proffers a declaration that explains that this was the only responsive document that it located after combing "the entire physical and electronic file materials relating to the instant lawsuit with claim number EVG5521." Dkt. No. 238, Ex. A.

Travelers cannot produce additional material responsive to Ms. Carter's request that it does not appear to have, and the Court has no basis to compel Travelers to do so. *See ORIX USA Corp. v. Armentrout,* No. 3:16-mc-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) ("[A] non-party cannot produce what it does not have. And, so, [c]learly, the court cannot compel [a ... non-party] to produce non-existent documents." (citation and internal quotation marks omitted)); *Reeves v. Wells Fargo*

5

*Bank, NA*, No. EP-14-cv-187-DCG, 2014 WL 12493288, at *5 (W.D. Tex. April 29, 2014) (finding that "the nonparties are not required to produce documents not in their possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).").

## Conclusion

For the reasons discussed above, the Court DENIES Plaintiff Samantha Carter's Motion to Enforce Subpoena [Dkt. No. 224].

SO ORDERED.

DATED: August 30, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE