IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

Plaintiff Samantha Carter has filed a Motion for Judgment on the Pleadings against Defendant H2R Restaurant Holdings, LLC under Federal Rule of Civil Procedure 12(c). *See* Dkt. No. 252.

Ms. Carter asserts that "[t]he court is bound to refer to the eight corners of not only the pleadings but the policy itself which states that Travelers Lloyd of Texas and Fireman's Fund is bound to defend its Insured, even if the suit is groundless"; that "[t]his suit is not groundless it was filed on claims that are indeed factual and on claims that the parties have willingly admitted to"; that "[t]he only issue is that the defendants will not ever be sorry and they will not every have or display pure human conscience or spirit as a matter of law for their actions"; that "[h]owever those facts are

irrelevant to pure obligation of a duty to compensate Plaintiff for her injuries"; and that "[t]here is no genuine issue of MATERIAL facts only the facts that the defendants have displayed to this court that human life to them has no value and neither does the opinion of the court." *Id.* at 1. She further contends that "H2R Restaurant Holdings, LLC, John Dyess and Chris Short admits to every statement of fact of the cause of the injury"; that "Defendants have admitted that their employee John Dyess set the explosion and Chris Short has allowed the butane stove to be rigged that caused the explosion"; and that "[t]he defendants do offer vague sentences that purports to admit some statement and deny others but not on any evidence just on personal emotion hoping that plaintiff will not prevail." *Id.* at 3.

Ms. Carter "respectfully requests this Honorable Court to enter judgment on the pleadings in its favor, and declaring the rights of the party as follows: A. H2R Restaurant Holdings, LLC John Dyess and Chris Short are liable under its policy of insurance issued by Travelers Lloyd of Texas and Fireman's Fund to pay its portion of damages for all injuries sustained to plaintiff for the accident caused by their negligence as a company and the negligence of their employee and manager. B. That this Court grant Samantha Carter such other and further relief as the Court deems fit and just under the circumstances. C. That a judgment should be entered against H2R Restaurant Holdings, LLC for a penalty of $5,000,000.00 for the total claim plus costs, interests and fees. D. That the Plaintiff Samantha Carter have and recover and be awarded her just and reasonable costs incurred herein and have execution issue therefor." *Id.* at 4.

2

Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Judgment on the pleadings is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *See Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). As it does when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must consider the facts in a light most favorable to the nonmoving party and will accept as true the plausible factual allegations in the non-moving party's pleadings. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding this motion, the Court must look only to the pleadings. *See Brittan Commc'ns*, 313 F.3d at 904.

Ordinarily, a defendant is the party that files a motion for judgment on the pleadings, and the issue is whether a plaintiff has pled enough facts to "state a claim

3

to relief that is plausible on its face." *Doe*, 528 F.3d at 418. But judgment on the pleadings in favor of a plaintiff is appropriate where the material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.

Here, the pleadings are not yet fully closed. *See Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009).

And the material facts as to Ms. Carter's claims against H2R Restaurant Holdings, LLC are in dispute, as the Court already concluded in denying Ms. Carter's Motion for Summary Judgment [Dkt. No. 164], *see* Dkt. No. 260, and Ms. Carter is not entitled to judgment in her favor as a matter of law. While some of Ms. Carter's claims have withstood Federal Rule of Civil Procedure 12(b) motions to dismiss, she has not made the showing required by Rule 12(c) to obtain judgment in her favor on her claims in her First Amended Complaint.

And, as the Court has previously explained, "Texas is not a direct action state." *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App. – Austin 2002, no pet.) (citing *Penny v. Powell*, 347, S.W.2d 601, 603 (1961); *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190, 1192 (5th Cir. 1972)). Accordingly, "[a] tort claimant has no direct cause of action against the tortfeasor's liability until the insured-tortfeasor is adjudged liable to the tort claimant." *Id.* (citations omitted). Defendants H2R Restaurant Holdings, LLC, John Dyess, and Chris Short have not been found to be liable in this ongoing action. There is no basis for a judgment – as a matter of law or otherwise – in this action at this time on any policy of insurance issued by Travelers Lloyd of Texas or

Fireman's Fund.

## Recommendation

For the reasons explained above, the Court should deny Plaintiff Samantha Carter's Motion for Judgment on the Pleadings against Defendant H2R Restaurant Holdings, LLC under Federal Rule of Civil Procedure 12(c) [Dkt. No. 252].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE