IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| H2R RESTAURANT HOLDINGS, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

Defendants H2R Restaurant Holdings, LLC ("H2R"), Chris Short, and John Dyess have filed a First Amended Agreed Motion for Partial Dismissal with Prejudice. *See* Dkt. No. 300.

For the reasons and to the extent explained below, the undersigned concludes that Defendants' First Amended Agreed Motion for Partial Dismissal with Prejudice [Dkt. No. 300] should be denied.

**Background**

On November 28, 2017, Defendants H2R Restaurant Holdings, LLC ("H2R"), Chris Short, and John Dyess (collectively, "Defendants," not to include Trinity Event Staffing) filed Defendants' First Amended Agreed Motion for Partial Dismissal with

Prejudice (the "Motion for Partial Dismissal"), indicating that they had settled with Plaintiff Samantha Carter at mediation and that they and Ms. Carter agreed that Ms. Carter's claims against H2R, Short, and Dyess should be dismissed with prejudice. *See* Dkt. No. 300 at 1. The motion is electronically signed by Ms. Carter and by counsel for H2R, Mr. Dyess, and Mr. Short. *See id.* at 2.

Ms. Carter then filed a Notice to the Courts Before Ordered Partial Dismissal and Request for Video/Distance Deposition (her "Notice"). *See* Dkt. No. 301.

As the undersigned explained in an Order Regarding Plaintiff's Notice to the Courts Before Ordered Partial Dismissal, *see* Dkt. No. 303, in Ms. Carter's Notice,

> Ms. Carter explains to the Court her concerns related to her settlement with H2R, Dyess, and Short (collectively, "Defendants," not to include Trinity Event Staffing). First, Ms. Carter asserts that "Defendants H2R Restaurant Holdings, LLC, John Dyess, and Chris Short manipulated the page[] numbers at the bottom of the settlement agreement," and that, although Ms. Carter has requested a complete settlement agreement copy, "Defendants have ignored Plaintiff's request." Dkt. No. 301 at 1.
> Second, Ms. Carter raises issue with how the settlement money was distributed, explaining that the funds were disbursed contrary to her understanding of the settlement agreement. *See id.* at 1-3. In particular, Ms. Carter expresses her concern that "most of Plaintiff's compensation came from the excess policy," and that "[a]lmost 60 percent of the primary policy went to a state case lawyer" – who, Ms. Carter maintains, "was compensated almost two months ago" – "and [to] unknown persons that ha[ve] nothing to do with this federal case." *Id.* at 1. Ms. Carter further explains that "the defendants are making Plaintiff compensate the federal case lawyer from her personal injury case." *Id.* at 4.
> Third, Ms. Carter identifies problems with the settlement agreement and the mediation that prompted the parties to settle, stating that "[t]he Receiver and Attorneys in the state case appeared to have negotiated the federal case compensation of what was supposed to be an impartial and good faith mediation in the federal case" and explaining her dissatisfaction with the mediator who conducted the settlement

2

> conference. *Id.* at 3. Ms. Carter explains that she feels that "this entire matter was premeditated" and that Defendants did not participate in the mediation in good faith, and Ms. Carter states that "the settlement agreement should almost be negated with discovery which appears to determine that the defendants had outwitted the Plaintiff entirely before mediation began." *Id.* at 3.
>
> Based on these concerns and others described in her Notice, Ms. Carter asks that, "before the [C]ourt[] orders a dismissal[,] please bear in mind that Plaintiff Carter thought that she was signing a settlement agreement in integrity and not being bamboozled." *Id.* at 2.

*Id.* at 2-4.

But, because it was unclear whether Ms. Carter was asking the Court to deny the Motion for Partial Dismissal – to which Ms. Carter agreed as reflected by her signing the motion – the undersigned ordered Ms. Carter to explain what effect she wished her Notice to have. *See id.* at 3-4.

Ms. Carter then filed her Opposition to Motion to Dismiss and Answer to the Court, *see* Dkt. No. 304, making clear that she did, in fact, oppose the Motion for Partial Dismissal to which she had agreed.

Defendants H2R, Dyess, and Short filed a response. They argue that the Motion for Partial Dismissal should be granted under Federal Rule of Civil Procedure 41(a)(2) because Ms. Carter had previously agreed, in her settlement agreement with Defendants, to dismiss her claims against them, and because Ms. Carter had agreed to, and signed, the Motion for Partial Dismissal.

Ms. Carter has not filed a reply, and her time to do so has passed.

**Legal Standards**

As applicable, here, Federal Rule of Civil Procedure 41 provides:

3

> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a).

A proper Rule 41(a)(1)(A)(i) " 'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.' " *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)). "Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right. Accordingly, the district court may not attach any conditions to the dismissal." *Id.* (citations and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit "has determined

4

that Rule 41(a)(1)(A)(i) means precisely what it says by stating that only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice. As such, only an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i)." *Amerijet*, 785 F.3d at 973-74 (citations and internal quotation marks omitted).

Here, an answer has been filed. *See* Dkt. Nos. 78, 79. Voluntary dismissal is therefore only allowed under either Rule 41(a)(1)(A)(ii) on "a stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "at the plaintiff's request ... by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(a)(ii), (a)(2). Voluntary dismissal by stipulation or by court order is presumptively without prejudice, unless the stipulation or order states otherwise. *See id.*

## Analysis

I. <u>Defendants' Motion for Partial Dismissal should be denied.</u>

Defendants argue that the Motion for Partial Dismissal should be granted by court order under Rule 41(a)(2) because (1) Ms. Carter executed a settlement agreement in which she agreed to dismiss her claims against Defendants, and (2) Ms. Carter agreed, as evidenced by her electronic signature, to the Motion for Partial Dismissal.

But because Ms. Carter now opposes the Motion for Partial Dismissal – and the dismissal is no longer at her request under Rule 41(a)(2) – the undersigned concludes that the Motion for Partial Dismissal should be denied.

5

Rule 41(a)(2), as explained above, provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Rule 41(a)(2) expressly requires that the plaintiff request the action to be dismissed. A defendant may not unilaterally dismiss an action under this rule.

Defendants argue that Ms. Carter's claims against them should be dismissed under Rule 42(a)(2) because Ms. Carter agreed to do so under the settlement agreement that she signed and because Defendants have fully complied with their obligations under the settlement agreement.

But before the Court is a motion to dismiss under Rule 41(a)(2) – and not a motion to enforce the settlement agreement, which sounds in contract law and which the parties have not briefed. *See generally Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992) (explaining that settlement agreements are contracts); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984) (reviewing the standards for enforcing a settlement agreement in federal court).

And Defendants' second argument, that Ms. Carter agreed to – as evidenced by her electronic signature – the Motion for Partial Dismissal, fails to persuade. A plaintiff who moves to voluntarily dismiss an action under Rule 41(a)(2) has the option to withdraw the motion in a timely fashion. *See Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). "What constitutes a reasonable period of time for a plaintiff to exercise its option to withdraw a motion to dismiss is not well developed in the case law." *Id.* But, "[o]rdinarily, the plaintiff has the option to refuse

6

a Rule 41(a)(2) voluntary dismissal and to proceed with its case," after the court considers the motion and imposes conditions on dismissal, "if the conditions imposed by the court are too onerous." *See id.* (collecting cases from other circuits).

Here, Ms. Carter expressed her concerns with the Motion for Partial Dismissal only two days after the motion was filed. *See* Dkt. No. 301. She clarified her opposition to the Motion for Partial Dismissal less than two weeks later in compliance with the Court's order. *See* Dkt. No. 304. And the Court has not yet acted on the Motion for Partial Dismissal.

The undersigned concludes that Ms. Carter's withdrawal of her consent to the Rule 41(a)(2) dismissal is timely. And, because Ms. Carter has timely withdrawn her consent to the Motion for Partial Dismissal, the Motion for Partial Dismissal should be denied.

## Recommendation

For the reasons discussed above, Defendants' First Amended Agreed Motion for Partial Dismissal with Prejudice [Dkt. No. 300] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE