IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-1554-N-BN |
| | § | |
| TRINITY EVENT STAFFING, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. *See* Dkt. No. 102.

Defendant Rad Staffing, LLC d/b/a Trinity Event Staffing ("Trinity") has filed an Amended Traditional and No Evidence Motion for Summary Judgment (the "Amended MSJ"). *See* Dkt. No. 331.

Plaintiff Samantha Carter has filed an untimely response. *See* Dkt. No. 332. Trinity has not filed a reply, and its time to do so has passed.

For the reasons and to the extent explained below, the Court should grant Trinity's Amended MSJ [Dkt. No. 331].

**Background**

Trinity has moved for summary judgment. Trinity's previous motion for summary judgment, *see* Dkt. No. 232, (the "Original MSJ") was granted in part and

1

denied in part on the undersigned's recommendation, *see* Dkt. Nos. 259 & 280. Specifically, Trinity's Original MSJ was granted as to Ms. Carter's claims for personal injury, her request for declaratory relief to the extent it was duplicative of her affirmative causes of action, and her request for injunctive relief; and Trinity's Original MSJ was denied as to Ms. Carter's claims for negligence, gross negligence, and Title VII employment discrimination. *See* Dkt. No. 280.

To determine the undisputed facts in this case, the undersigned has considered the evidence that the parties have submitted to the extent that it is proper for consideration on this motion.

The undersigned has also considered Ms. Carter's Third Amended Complaint, *see* Dkt. No. 186-1, the now-live pleading, and Trinity's Answer to the Third Amended Complaint. *See* FED. R. CIV. P. 56(c)(1) (requiring a party who asserts that a fact cannot be or is genuinely disputed to support this assertion by "citing to particular parts of materials in the record, including ... admissions."); *Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 107-08 (5th Cir. 1987) (internal quotation marks omitted) ("Irrespective of which document contains the more accurate account, [plaintiffs] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [one plaintiff's later-filed] affidavit."); *accord State Farm Fire & Cas. Co. v. Flowers*, 854 F.3d 842, 844-45 (5th Cir. 2017) (granting summary judgment based on judicial admissions in answer notwithstanding defendant's pointing to later deposition testimony as creating a genuine issue of fact).

The undisputed evidence establishes the following facts.

2

Trinity is an event staffing company and was responsible for providing personnel to former Defendant H2R Restaurant Holdings LLC ("H2R") for a catering event. Dkt. No. 276 at 3 ¶ 12.

Trinity hired Ms. Carter to work at that catering event. *See id.*

At some point, one or more supervisors at the catering event instructed Ms. Carter to cook macaroni and cheese on a butane stove, *see id.* at 4 ¶ 20; Dkt. No. 327-1 at 8 of 15 (Carter Dep. 36:19-24), that was "involved in the accident giving rise to [this] lawsuit," Dkt. No. 327-3 at 1 of 3. But those supervisors were not employees of Trinity.

Trinity did not purchase the butane stove. *See id.* And Justin Atkinson, who owns Trinity, did not have knowledge of any defect or problem pertaining to the butane stove. *See id.* at 2 of 3.

There is no evidence in the record that any Trinity employees or representatives had knowledge of any defect or problem pertaining to the butane stove. In a sworn affidavit, Mr. Atkinson states that Trinity's employees or representatives did not have this knowledge. *See id.* But he can only speak to matters over which he has personal knowledge. *See Reuther v. Realtors*, No. 15-2850, 2016 WL 5337839, at *3 (E.D. La. Sept. 23, 2016) (noting that "[t]he Fifth Circuit [has] found that [a] district court erred in allowing a corporate representative to testify at trial to matters that were within the corporation's knowledge but not within his own personal knowledge") (citing *Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, 907 (5th Cir. Dec. 16, 2010)). And he cannot have personal knowledge over what another person knows. But there is no other evidence that indicates any Trinity personnel at the event in question

were aware of the defective butane stove.

For the reasons explained below, the Court should grant Trinity's Amended MSJ.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City*

5

*of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the

part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Analysis

In its Amended MSJ, Trinity seeks summary judgment on Ms. Carter's remaining negligence, gross negligence, and Title VII claims. For the reasons explained below, the Court should grant the Amended MSJ.

I.  Trinity is entitled to summary judgment on Ms. Carter's negligence claim.

Trinity argues in its Amended MSJ that it is entitled to summary judgment on Ms. Carter's negligence claim because

> [n]o employee or representative of Defendant Trinity provided instruction on how Plaintiff was to do her job or cook the food or operate the stove. Plaintiff has no evidence anyone from Defendant Trinity knew or should have known about the danger that was created by the actions of John Dyess and Chris Short regarding the use of the stoves or butane tanks or the rigging of the butane tanks on the day of the subject incident.

Dkt. No. 331 at 2; *see also* Dkt. No. 327 at 2-3.

Trinity is entitled to summary judgment on Ms. Carter's general negligence claim because Ms. Carter has not presented evidence to show a genuine issue for trial on a general negligence claim.

A negligence claim under Texas law requires three elements: (1) a legal duty owed by one party to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

7

Although Trinity labels its position as contesting the causation element of Ms. Carter's negligence claim, Trinity's arguments, in substance, challenge whether Trinity owed Ms. Carter a duty of care. The undersigned accordingly will analyze Trinity's Amended MSJ as attacking the duty element of Ms. Carter's negligence claim.

"As a general rule, one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control." *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983) (citing Restatement (Second) of Torts § 315 (1965); *Trammell v. Ramey*, 329 S.W.2d 153 (Ark. 1959)). "Yet, certain relationships do impose, as a matter of law, certain duties upon parties." *Id.* (citing Restatement (Second) §§ 316-20).

"An employer may breach a duty to its independent contractor by failing to exercise its retained control over the contractor with reasonable care." *D. Houston, Inc.*, 92 S.W.3d at 454 (citing *Exxon Corp. v. Quinn*, 726 S.W.2d 17, 20 (Tex. 1987)). "This rule applies when the [employer] retains some control over the manner in which the independent contractor's work is performed, but does not retain the degree of control which would subject him to liability as a master." *Johnson v. Scott Fetzer Co.*, 124 S.W.3d 257, 265 (Tex. App. – Fort Worth 2003, pet. denied) (citing *Redlinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985) (in turn, citing Restatement (Second) of Torts § 414 (1977))). "An employer may retain control either by contract or by exercising actual control over the contractor's work." *Id.* (citing *Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 155 (Tex. 1999)). "The retained right of control must extend to the operative details of the contractor's work such that the contractor is not free to do the work in his own

way." *Id.* (citing *Redling*er, 689 S.W.2d at 418).

The record fails to establish that Trinity exerted sufficient control over Ms. Carter such that Trinity necessarily owed Ms. Carter a duty of care.

Trinity's arguments in its Amended MSJ as to Trinity's lack of control over Ms. Carter are nearly identical to those in Trinity's Original MSJ, which the Court denied as to Ms. Carter's negligence claim. *See* Dkt. Nos. 259 & 280. But the evidence before the Court and the effect of that evidence has since changed.

Trinity's Original MSJ moved for summary judgment based on the allegations contained in Ms. Carter's then-live pleading, her Complaint, *see* Dkt. No. 1, (the "Original Complaint"). In Ms. Carter's Original Complaint, Ms. Carter alleged that Trinity personnel instructed her to operate and cook the macaroni on the supplied butane stove. *See* Dkt. No. 1 at 5 ¶ 15 ("Plaintiff was instructed by Trinity personnel to operate and cook the macaroni on a Rathbun supplied butane stove."). And, in its Answer to the Original Complaint (the "Original Answer"), Trinity admitted to exerting at least some degree of control over Ms. Carter and her work. *See* Dkt. No. 78 at 3 ¶ 15 (Trinity admitting it instructed Ms. Carter to cook macaroni on a butane stove). Trinity's admission, despite Trinity's reliance on contradicting evidence, created a genuine dispute regarding Trinity's duty and precluded summary judgment on Ms. Carter's negligence claim. *See* Dkt. No. 259 at 10-11.

Trinity's Amended MSJ, on the other hand, moves for summary judgment based on the allegations in Ms. Carter's now-live pleading, her Third Amended Complaint. Ms. Carter's Third Amended Complaint supersedes her Original Complaint. *King v.*

9

*Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Trinity's Answer to the Third Amended Complaint supersedes Trinity's Original Answer. *See Muhire v. Modani Houston LLC*, Civ. A. No. 16-2178, 2017 WL 2999270, at *1, n.1 (S.D. Tex. Mar. 16, 2017). Trinity's admission in its Original Answer has lost its binding force. *See White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Admissions made in superseded pleadings are as a general rule considered to lose their binding force and to have value only as evidentiary admissions."). And, in response to the Amended MSJ, Ms. Carter does not introduce – or even reference – Trinity's Original Answer as evidence creating a genuine issue of material fact for trial. *See Borel v. U.S. Cas. Co.*, 233 F.2d 385, 387-88 (5th Cir. 1956) ("A superseded pleading is of course not a conclusive admission of the statements made therein, and is not properly considered by a fact-finder unless introduced in evidence.").

Even if the undersigned were to consider the admission in Trinity's Original Answer as non-binding evidence, the weight of the conflicting evidence presented here eliminates any genuine dispute of fact as to Trinity's duty. Unlike in her Original Complaint, in her Third Amended Complaint, Ms. Carter does not allege that Trinity told her what to cook and how to cook it on the night she was injured. *See* Dkt. No. 186-1. Ms. Carter alleges that she was told to cook macaroni in the garage by Chef Jeff Qualls, an employee of of H2R. *See id.* at 4 ¶ 16 & 14 ¶ 52. And Ms. Carter alleges that Chef Robert also of H2R, instructed her on how to cook the macaroni. *See id.* at 5 ¶¶

17-18.

And, unlike in its Original Answer, in its Answer to the Third Amended Complaint, Trinity does not admit that Trinity exerted control over Ms. Carter's work on the day she was injured. *See* Dkt. No. 276. Trinity admits that employees of Defendant H2R instructed Ms. Carter on the location and details of her work assignment, including what to cook and how to cook it using the equipment provided. *See* Dkt. No. 276 at 3 ¶ 16 & 4 ¶¶ 18-21.

In moving for summary judgment, Trinity identifies evidence that further demonstrates Trinity's lack of control over Ms. Carter. Specifically, Trinity points to evidence in the record indicating that Trinity merely hired Ms. Carter to work at an event that H2R ran: that H2R's employees supervised, controlled, and managed Ms. Carter's duties and responsibilities, *see* Dkt. No. 321-1 at 5 of 15 (Carter Dep. 23:4-25:25) & 7 of 15 (Carter Dep. 30:18-31:9); and that Trinity did not provide for the set up of the equipment that injured Ms. Carter, did not own or exercise control over the equipment, and did not instruct Ms. Carter how to use the equipment, *see id.* at 7-8 of 15 (Carter Dep. 32-35); Dkt. No. 327-2 at 3-4 of 7.

Trinity cites to Ms. Carter's answers to Trinity's requests for admissions, where Ms. Carter admits that Trinity "did not exercise any control over the operation or maintenance of the butane stove" and that Trinity did not "provide[] instructions to Plaintiff, while she was at the premises made the basis of this lawsuit, on how to cook the food or operate the stove in question on the night of October 20, 2012." Dkt. No. 327-2 at 3 of 7.

And Trinity points to Ms. Carter's April 2, 2018 deposition taken in this case. During her deposition, Ms. Carter explained that her instruction from Trinity regarding the catering job was "[b]asically, you go in, you work and you cook, you leave and that's, basically it." Dkt. No. 327-1 at 14 of 15 (Carter Dep. 118:7-119:10). Ms. Carter testified that employees of Kent Rathbun Catering or H2R gave her instructions on what to do and how to do it, but Ms. Carter did not testify that any employee or representative of Trinity Event Staffing provided instructions to Ms. Carter while she was on the premises at the time of the accident. *See id.* at 5-6 of 15 (Carter Dep. 23:4-26:1). Ms. Carter further testified that the stoves belonged to Kent Rathbun Catering Company. *See id.* at 7 of 15 (Carter Dep. 33:10-11). And Ms. Carter testified that she had no information that anyone from Trinity knew the stoves were defective, *see id.* at 8 of 15 (Carter Dep. 34:12-15), and that she had no information that anyone from Trinity knew that non-Trinity personnel had rigged the butane tanks, *see id.* at 9 of 15 (Carter Dep. 44:5-10).

Although, once Trinity met its initial burden in moving for summary judgment, Ms. Carter was required to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial," *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnotes omitted), Ms. Carter fails to meet that burden here. In her response, Ms. Carter argues that "the facts establishing all of her claims are clear, and defendant's illegal conduct should not be protected by any law or legal doctrine," *see* Dkt. No. 332 at 2 of 4, but Ms. Carter points to no evidence in the record showing – and, tellingly, does not argue – that Trinity exercised control over her or her

equipment on the evening of the explosion.

The undersigned concludes that no genuine dispute of fact exists as to whether Trinity owed Ms. Carter a duty of care. Trinity's Amended MSJ should be granted as to Ms. Carter's negligence claim.

II.     <u>Trinity is entitled to summary judgment on Ms. Carter's gross negligence claim.</u>

"Negligence and gross negligence are not separable causes of action but are inextricably intertwined." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 126 (Tex. App. – Houston [1st Dist.] 2002, pet. denied). And gross negligence presumes a negligent act or omission and includes two additional elements: (1) viewed objectively from the standpoint of the actor, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *See id.* "Although gross negligence refers to a different character of conduct, a party's conduct can not be gross negligence without being negligent." *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App. – Houston [14th Dist.] 1994, pet. denied).

Because Ms. Carter cannot prevail on her negligence claim and because Ms. Carter fails to show that Trinity committed an act or omission satisfying the added elements of gross negligence, Trinity's Amended MSJ should be granted as to Ms. Carter's gross negligence claim.

First, because Ms. Carter cannot prevail on her negligence claim, she cannot prevail on a gross negligence claim. *See Mauer v. Wal-Mart Stores, Inc.*, No.

3:16-cv-2085-BN, 2018 WL 741629, at *7 (N.D. Tex. Feb. 7, 2018) (citing *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) ("To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence ... claim ....")).

Second, even if Ms. Carter has a valid claim for negligence, Ms. Carter has presented no evidence to show that Trinity was aware of any risk. Trinity points out that Ms. Carter states in her deposition testimony that John Dyess and Chris Short were the individuals that set up the butane stoves, *see* Dkt. No. 327-1 at 8 of 15 (Carter Dep. 35:25-36:1), and that, to Ms. Carter's knowledge, John Dyess and Chris Short were the only ones aware of the defective stove, *see id.* at 9 of 15 (Carter Dep. 42:10-44:10).

The Court should accordingly grant Trinity's motion for summary judgement as to Ms. Carter's gross negligence claim.

III.    Trinity is entitled to summary judgment as to Ms. Carter's Title VII claim.

Trinity argues that Ms. Carter does not have a valid Title VII employment discrimination claim because (1) Ms. Carter was not an employee of Trinity and (2) the record does not show that Ms. Carter was discriminated against on the basis of her race.

Trinity is entitled to summary judgment on Ms. Carter's Title VII claim because Ms. Carter has not presented evidence to show a genuine issue for trial on a Title VII claim.

Title VII prohibits discrimination in the workplace. But not all persons come within its protection. A plaintiff can successfully bring a Title VII claim only if he or

14

she is an "employee" and not an "independent contractor." *See Diggs v. Harris Hospital-Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988).

The determination as to whether a plaintiff is an "employee" under Title VII is highly fact-sensitive. "[I]n applying the economic realities/common law test [to determine a plaintiff's employment status], the court is to carefully consider the particular facts of each case, rather than using any general formulas in deciding a Plaintiff's status vis-a-vis a defendant." *Heckler v. Prod. Dev. Corp.*, No. 3:02-cv-2532-AH, 2003 WL 22961214, at *2 (N.D. Tex. Nov. 19, 2003) (citing *Deal State Farm County Mut. Ins. Co. of Tex.*, 5 F.3d 117 (5th Cir. 1993)). An employer's control over the plaintiff is the most important factor when determining whether or not a plaintiff is an "employee" or an "independent contractor" under Title VII. *See Mumhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dept.*, 479 F.3d 377, 280 (5th Cir. 2007) ("The most important component of this test is the right to control the employee's conduct.") (quotation and citation omitted).

Here, the record contains insufficient evidence to establish that Ms. Carter was Trinity's employee and that Ms. Carter was discriminated against on the basis of her race.

First, Ms. Carter has failed to present evidence showing a genuine dispute regarding whether she was Trinity's employee. In considering Trinity's Original MSJ, the undersigned concluded that a genuine and material fact issue existed regarding the employment relationship between Ms. Carter and Trinity. *See* Dkt. No. 259 at 19-20. But the undersigned's most prominent reason for recommending summary judgment

15

on Ms. Carter's Title VII claim – that Trinity admitted to exercising some degree of control over Ms. Carter in its Original Answer, *see id.* at 20 – no longer exists. As the undersigned previously explained, Ms. Carter's Original Complaint alleged that Trinity instructed her as to where and what to cook, *see* Dkt. No. 1 at 5 ¶ 15, which Trinity admitted in its Original Answer, *see* Dkt. No. 78 at 3 ¶ 15. As discussed above, Ms. Carter omits this allegation in her Third Amended Complaint; the allegation in Ms. Carter's superseded pleading retains no legal effect, *see King*, 31 F.3d at 346; and Trinity's admission in its Original Answer to Ms. Carter's superseded pleading has lost its binding force.

In its Amended MSJ, Trinity adequately discusses deficiencies in the record that demonstrate that no genuine dispute of material fact exists as to Ms. Carter's employee status. As discussed above as to Ms. Carter's negligence claim, the evidence Trinity cites suggests that Trinity gave Ms. Carter no instructions regarding what to cook and how to cook it, did not set up or fix equipment at the event, did not own or control the butane stove, and was not aware that the butane stove was faulty.

And, as with her negligence claim, Ms. Carter offers no additional evidence in her response to substantiate her Title VII claim and thus fails to meet her burden. *Pioneer Expl.*, 767 F.3d at 511.

Second, even if Ms. Carter demonstrates a genuine issue of fact as to whether she was Trinity's employee, Ms. Carter fails to bring forth evidence to create a genuine dispute as to whether Ms. Carter was discriminated against on the basis of her race.

"In order to withstand summary judgment, Title VII requires that [Ms. Carter],

16

using direct or circumstantial evidence, 'present sufficient evidence for a reasonable jury to conclude ... that race, color, religion, sex, or national origin was a motivating factor for any employment practice.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 652 (5th Cir. 2004) (quoting *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (internal quotation marks and citation omitted)). Ms. Carter alleges that race motivated the decisions to demote Ms. Carter from chef to cook and to assign Ms. Carter to cook in the garage. *See* Dkt. No. 186-1 at 14 ¶ 52.

Ms. Carter has presented insufficient evidence that such decisions were based on Ms. Carter's race.

In its Amended MSJ, Trinity discusses the lack of evidence that Ms. Carter was placed in a group based on race. Trinity points to Ms. Carter's deposition, where Ms. Carter testified that, before she began her duties at the event, "[t]here was a – like a team meeting right beforehand before we were divided and there was a supervisor – I believe his name was Joel. I could be wrong – but he basically broke us up into different sections and I was placed in the garage to cook." Dkt. No. 327-1 at 7 of 15 (Carter Dep. 30:3-7). Ms. Carter further explains that she was supervised by Chef Robert, John Dyess, and Chris Short while in the garage, *see id.*(Carter Dep. 30:13-20), and that Chris Short, Chef Robert, and John Dyess were white, *see id*. at 10 of 15 (Carter Dep. 52:7-11).

But, as Trinity asserts, there is no testimony or other evidence that shows Ms. Carter was given her duties as cook or placed in the garage because she is a person of color. Ms. Carter testified that she was the only person of color – so far as she is aware

17

– that Trinity had hired to work the event. But that Ms. Carter was the only person of color at the event and that she was placed in the garage to cook, without more, does not provide enough evidence to create a genuine issue regarding whether assigning Ms. Carter that role was motivated by the color of her skin.

The Court should grant Trinity's Amended MSJ as to Ms. Carter's Title VII employment discrimination claim.

## Recommendation

For the reasons discussed above, Defendant Trinity Event Staffing's Amended Motion for Summary Judgment [Dkt. No. 331] should be granted. If the Court accepts the undersigned's recommendation, grants the Amended Motion for Summary Judgment in full, and enters judgment for Trinity, then Trinity's pending Motion to Compel Deposition of Plaintiff [Dkt. No. 329] should be terminated as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 7, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE